**Stanley L. HALL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 81782.**

Supreme Court of Missouri,
En Banc.

April 25, 2000.

Rehearing Denied May 30, 2000.

---

## I.

On January 15, 1994, Hall and Rance Burton went to the South County Shopping Center in St. Louis County looking for a vehicle to steal and use in a drive-by shooting. The two noticed Barbara Jo Wood pulling into a parking lot, approached the vehicle and forced her to accompany them at gunpoint. With her sitting on the passenger side, they drove the vehicle to the McKinley Bridge, which traverses the Mississippi River from the city of St. Louis to Illinois. Once there, Wood was forced to exit the car. Burton shot Wood, firing several rounds. He got back into the vehicle and left. However, Hall remained outside the vehicle. Though bleeding from her wounds, Wood struggled with Hall and begged for him to spare her life. After some initial difficulty, Hall lifted the woman over the bridge guardrail, dropping her some ninety feet to the icy river below. Hall was later identified by witnesses in a passing vehicle as the person seen struggling with Wood. After being arrested, Hall confessed that Wood was the woman he forced over the guardrail. Some seven months later, a lower torso identified as Wood's was recovered alongside the Mississippi River near Chester, Illinois. The site is about seventy miles downstream from the McKinley Bridge. On this evidence, Hall was convicted and sentenced to death.

## II.

Hall's amended post-conviction motion asserts fifty-eight claims of ineffective assistance of trial and appellate counsel. Seven were withdrawn. Pursuant to the state's motion to dismiss, the court below dismissed all but two of the remaining claims without an evidentiary hearing. Following an evidentiary hearing, the remaining two claims were denied. Extended findings of fact and conclusions of law were included in the trial court's judgment. Neither of the two claims upon which a hearing was held is before us on appeal. Only three claims, each of which

Susan S. Kister, Sp. Public Defender, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

JOHN C. HOLSTEIN, Judge.

After a jury trial, movant Stanley Hall was convicted of first degree murder, kidnapping, first degree robbery and two counts of armed criminal action. He was sentenced to death on the first degree murder count. All convictions were affirmed on appeal. *State v. Hall*, 955 S.W.2d 198 (Mo. banc 1997). Hall then filed a motion for post-conviction relief pursuant to Rule 29.15. He now appeals the denial of his post-conviction motion. Since this appeal involves the imposition of the death penalty, this Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.*

was denied without an evidentiary hearing, are raised here.

■ The findings and conclusions of the post-conviction court will be affirmed unless clearly erroneous. *Rule 29.15(k)*. To constitute clear error, an appellate court, after reviewing the entire record, must be "left with the definite impression that a mistake has been made." *State v. Clay,* 975 S.W.2d 121, 140 (Mo. banc 1998), *cert. denied,* 525 U.S. 1085, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999). Three requirements must be met to entitle a movant to a post-conviction hearing: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993). To be entitled to relief based on claims of ineffective assistance of counsel, the motion must recite facts not refuted by the record showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that movant was thereby prejudiced. *Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In each of the three instances raised on appeal here, the factual allegations of ineffective assistance of counsel are refuted by the record or are insufficient to establish a claim of ineffective assistance of counsel.

### III.

■ In his post-conviction motion, Hall asserts his trial counsel was ineffective in failing to object to "improper personalization to the jurors." One way in which improper personalization results is when the prosecutor asks the jurors to place themselves or some other identifiable person in the shoes of the victim or at the crime scene. *State v. Simmons,* 955 S.W.2d 729, 740 (Mo. banc 1997). However, it is acceptable to argue that society is threatened by the conduct of the accused. *Id.* Moreover, not every brief, isolated statement in argument that may be construed as improper personalization is of such magnitude that it undermines confidence in the outcome of the case so as to establish prejudice. *State v. Tokar,* 918 S.W.2d 753, 768 (Mo. banc 1996).

During the defendant's closing argument at the guilt phase, Hall's attorney argued that the killing of Wood was not deliberate. Instead, he maintained it was the result of Hall panicking. During the state's rebuttal argument in the guilt phase, the prosecutor responded:

> Barbara Wood was chosen for this for no other reason than she was a victim who [Hall] didn't think would put up a fight. He is a shadow out there that has touched all of you, and people like him make people in our society worried every time our mother, our daughter, our sister, anyone leaves the house because at random for his purpose, his decision, that he was going to go kill.

For Hall's claim of ineffective assistance of counsel to succeed, he must establish that if an objection had been made to "improper personalization" it would have been sustained. In context, the remark was not made to place jurors or their families in Wood's place but to indicate that the defense theory of "panic" and a lack of deliberation was not credible. *See State v. Kreutzer,* 928 S.W.2d 854, 873 (Mo. banc 1996). Since the comment here did not directly ask any juror to put themselves or another identifiable person in the place of the victim or at the scene of the crime, the argument was not improper personalization. The argument referred only in general terms to "people in our society" who are worried about "our sister, our mother, [and] our daughter" being in danger. The reference was, at most, an indirect reference of danger to jurors or members of their families. Movant cites no authority that would mandate sustaining an objection to "improper personalization" where the only danger alluded to is a

general danger to members of "our society" and "our" female relatives.

■ Nevertheless, citing *State v. Rhodes*, 988 S.W.2d 521, 528 (Mo. banc 1999), Hall insists that to merely suggest personal dangers to the jurors or their families is improper personalization. However, *Rhodes* carefully distinguished situations where the comments are not extensive or are insufficiently inflammatory to rise to the level of prejudicial error. *Id.* at 529. Here the quoted argument refers to jurors and their families only by inference. Even if one would infer that the prosecutor was referring to a specifically identifiable person being in the place of the victim or at the crime scene, the result is no different. An objection to the isolated statement in the argument may have served to highlight the comment to the jury. Not every failure to object to argument is ineffective assistance of counsel, but the alleged improper argument must be considered in the context of the trial as a whole. *Tokar*, 918 S.W.2d at 768. Viewing the record as a whole, including the eyewitness testimony identifying movant and Hall's own confession, the isolated statement in closing argument does not undermine confidence in the outcome of the case. The motion court's conclusion that counsel was not ineffective in failing to make an objection was not clearly erroneous.

### IV.

■ Hall also claims the motion court was clearly erroneous in denying a claim that his trial counsel was ineffective in failing to request a mistrial in response to police sergeant Tim Hagerty's testimony during the state's case regarding Hagerty's disbelief of some of Hall's statements given during a custodial interview.

Hagerty took Hall into custody in Illinois on March 7, 1994, and transported Hall to the St. Louis County police department in Clayton, Missouri. After obtaining a waiver of rights, Hagerty began his interrogation of Hall. Hall told Hagerty that once he and Burton arrived on the McKinley Bridge and he and Wood exited the vehicle, she began grabbing at him and only then did he push her over the guardrail of the bridge. On cross-examination, defense counsel elicited statements made by Hall to Hagerty in which Hall claimed to have panicked after Wood was shot and that Hall was remorseful about Wood's death. On redirect, the prosecutor asked, "[W]hy did you keep questioning the defendant?" Over defense counsel's objection, Hagerty answered, "Because I didn't believe many of the answers he gave me."

Hall asserts that the testimony was an inadmissible comment by one witness on the credibility of another witness. In support of the contention, Hall cites *State v. Simmons*, 944 S.W.2d 165 (Mo. banc 1997), *State v. Williams*, 858 S.W.2d 796 (Mo. App.1993), and *State v. Biezer*, 947 S.W.2d 540 (Mo.App.1997). *Simmons* does not suggest that an interrogating officer may not comment on the believability of the accused's answers given during a police interrogation. Indeed, it is arguable that *Simmons* permits an officer to testify that he believed "there was more [the accused] could have said in his confession." *Id.* at 176. *Simmons* does not aid Hall.

In *Williams* and in *Biezer* it was held impermissible for an expert to comment on the credibility of a witness who testified at the trial. *Williams*, 858 S.W.2d at 798; *Biezer*, 947 S.W.2d at 541. However, this is not a case where a witness was commenting on the credibility of another witness who testified before the jury. Here, Hagerty was testifying to his belief regarding the complete truthfulness of an out-of-court statement. Hall was not a witness. Because Hall's out-of-court statements to Hagerty were quite damning, the fact that Hagerty did not completely believe the statements is inconsequential, if not helpful, to Hall's defense. The motion court committed no clear error in finding, as a matter of law, that the trial counsel was not ineffective in failing to move for a mistrial.

## V.

Hall asserts the motion court clearly erred in denying his claim that appellate counsel was ineffective in failing to assert a claim of error in the admission of photographs of a torso discovered near Chester, Illinois. The torso depicted in the photographs was badly decomposed, skeletal and, to the untrained eye, barely recognizable as human. The photographs were taken at the scene where the torso was discovered and during an autopsy of the torso. The photographs were identified by two witnesses. The first was Deputy Sheriff Fred Frederking of the Randolph County, Illinois, Sheriff's Office. The other witness was forensic anthropologist Mark Johnsey, employed by the Illinois State Police. Both identified the photographs as accurate representations at the scene where the torso was found and of the autopsy. While Frederking was assisting in removing the remains, he noticed what appeared to be an elastic band from a pair of underwear around the pelvic area of the torso. The torso was taken to the local funeral home, where an autopsy was conducted. During the autopsy, Johnsey examined the underwear waistband and discovered a label indicating that it was Hanes brand, size 8, women's underwear. Both the brand and size were consistent with those worn by the victim. Moreover, the examination revealed the torso was a female about the same age as Wood who, like Wood, had borne children. The examination also determined that the torso's height was consistent with Wood's. From the state of decomposition, Johnsey was able to testify that the victim appeared to have died more than six months earlier. At the time the torso was found, there were no other reports of missing women who had disappeared from that area of the Mississippi River. The photographs were then admitted into evidence.

When reviewing a claim of ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted on appeal and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *State v. Edwards,* 983 S.W.2d 520, 522 (Mo. banc 1999).

A competent appellate lawyer familiar with the precedent of this state and the record in this case would not conclude that admission of the photographs was an error, much less an obvious error that would mandate reversal. The trial court is vested with broad discretion in the admission of photographs. *State v. Rousan,* 961 S.W.2d 831, 841 (Mo. banc 1998), *cert. denied,* 524 U.S. 961, 118 S.Ct. 2387, 141 L.Ed.2d 753 (1998). Numerous recent cases may be cited generally holding that photographs of the victim of a homicide are relevant for several purposes and that such may be admitted.[1]

Recently, a claim almost identical to the one Hall claims his appellate lawyer should have asserted here was made on direct appeal in *Rousan.* There, a photograph depicting the victims' bodies, which had lain in the ground for about a year, was admitted into evidence. This Court noted that the trial court is vested with broad discretion in the admission of photographs, that photographs are relevant if they show the scene of the crime, the identity of the victim, the nature and content of the wound, the cause of death, the condition and location of the body or otherwise constitute proof of an element of the crime or assist the jury in understanding the testimony. If relevant on those grounds, the photographs may be admitted even if they are inflammatory. *Id.* at 844. Here, the photographs corroborated the witness's testimony regarding the location at which the torso was found, its condition, and the

---

1. *State v. Murray,* 744 S.W.2d 762, 772 (Mo. banc 1988); *State v. Feltrop,* 803 S.W.2d 1 (Mo. banc 1991); *State v. Newberry,* 605 S.W.2d 117 (Mo.1980); and *State v. Wood,* 596 S.W.2d 394, 403 (Mo. banc 1980).

identifying characteristics which identified the body as the victim and connected it to the crime. If the photographs are shocking or gruesome, it is "because the crime is shocking or gruesome." *Id.*

A competent lawyer familiar with the most recent pronouncements of this Court on the subject and familiar with the trial record would not perceive that admission of the photographs was an obvious basis for reversal of the appeal. No case is cited or found where trial counsel was held ineffective for failing to object to such photographs or holding that appellate counsel was ineffective for not asserting error in the admission of such photographs.

Nevertheless, Hall argues that under *State v. Floyd,* 360 S.W.2d 630, 633 (Mo. 1962), the photographs were inadmissible. That case stands only for the proposition that such photographs should not be admitted for the sole purpose of arousing emotions of the jury and to the prejudice of the defendant. *See also State v. Wood,* 596 S.W.2d 394, 403 (Mo. banc 1980). In *Floyd,* the prosecutor did not articulate any of the conventional reasons for admitting the photographs, and none was found to exist. By contrast, the prosecutor here stated that the photographs were admitted as corroborative of the testimony that tended to identify the victim and connect the torso to the crime. Had counsel asserted the claim of error on appeal, the claim would have been meritless. Thus, appellate counsel cannot be judged ineffective for failing to raise the claim. The motion court's finding was not clearly erroneous in this regard.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

All concur.