**Johnny GREAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80437.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 5, 2002.

Douglas R. Hoff, Columbia, Assistant State Public Defender, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Johnny Gream ("movant") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant

to Rule 24.035 on the merits without an evidentiary hearing. In his motion, movant claims that he was denied effective assistance of counsel in that his attorney advised him not to speak with representatives of the Division of Probation and Parole until the issues involving his prior convictions were resolved, which prevented him from being considered for the 120–day drug treatment program or for long-term drug treatment following his guilty plea. Movant also alleges that he was denied effective assistance of counsel because his attorney promised him that if he pled guilty that he would be sentenced to either the 120–day or long-term drug treatment program with the possibility of early release if he completed either program successfully, and his guilty plea was entered involuntarily. We affirm in part and remand in part.

On November 13, 2000, movant pled guilty to the felony charges of tampering in the first degree ("Count I") and property damage in the first degree ("Count II"). The trial court advised movant of his constitutional rights and of the range of punishment for these charges. Movant expressed his understanding that a guilty plea would waive his right to a jury trial. Though there was some confusion concerning his prior convictions, movant admitted to being a persistent offender. Movant expressed satisfaction with his defense counsel, and indicated that his counsel had done all that movant wanted him to do for the case. The trial court did not ask movant if he had been promised anything or offered inducements in return for his guilty plea. The trial court ordered a presentence investigation ("PSI") and screening of movant for the 120–day drug treatment program and long-term treatment program.

Movant failed to respond to attempts by the Division of Probation and Parole ("Probation and Parole") to contact him for an interview as part of its PSI and screening of movant. Movant also failed to appear for his December 20, 2000 court date when the PSI was due. On February 23, 2001, the trial court sentenced movant to thirteen years of imprisonment on Count I, and to ten years of imprisonment on Count II, to run concurrently. At the sentencing hearing, the trial court advised movant of his rights under Rule 24.035, and movant indicated that he understood those rights. The trial court also asked movant if he was satisfied with his plea counsel's services, to which he responded that he was satisfied. The trial court did not ask movant at this sentencing hearing if he had been given any promises or offered inducements in return for his guilty plea.

Movant timely filed a pro se motion for post-conviction relief pursuant to Rule 24.035 on April 26, 2001 alleging ineffective assistance of counsel. Counsel was appointed for movant, and his attorney filed an amended motion for post-conviction relief on October 1, 2001. The motion court filed findings of fact and conclusions of law on October 15, in which it denied movant relief without an evidentiary hearing. Movant now appeals.

Appellate review of the denial of a motion for post-conviction relief is not de novo. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are presumptively correct. *Id.* Our review is limited to the determination of whether or not the motion court's findings and conclusions are clearly erroneous. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). This Court will find the motion court's findings and conclusions clearly erroneous only if, after a review of the entire record, we are left with the firm and definite impression that

a mistake has been made. *Id.* The movant has the burden of proving, by a preponderance of the evidence, that the motion court clearly erred. *Buckner v. State,* 35 S.W.3d 417, 420 (Mo.App.2000).

■ In his first point on appeal, movant contends that the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing because he alleged facts that were not refuted by the record, that if proven would entitle him to relief. Movant alleged that he was denied effective assistance of counsel in that his attorney advised him not to speak with representatives of the Division of Probation and Parole until the issues involving his prior convictions were resolved. Movant alleges this prevented him from being recommended for drug treatment programs, thereby prejudicing movant, there being a reasonable probability that but for counsel's inaction, the outcome of his sentencing would have been different.

■ An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines that the motion and the files and records of the case show conclusively that movant is not entitled to relief. Rule 24.035(h). To be entitled to an evidentiary hearing, movant must: (1) allege facts, not conclusions, which merit relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters must have resulted in prejudice to movant. *Morrow v. State,* 21 S.W.3d 819, 822 (Mo. banc 2000); *Hall v. State,* 16 S.W.3d 582, 585 (Mo. banc 2000). To warrant an evidentiary hearing on a claim of ineffective assistance of counsel, movant must allege facts unrefuted by the record that show that his attorney's performance failed to conform to the degree of skill and diligence of a reasonably competent attorney, thereby prejudicing movant. *Id.* Prejudice requires a showing that but for

counsel's mistakes, the outcome of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. State,* 8 S.W.3d 217, 219 (Mo.App.1999).

■ Following a guilty plea, the issue of ineffective assistance of counsel is material only to the extent that it affects whether or not the guilty plea was made voluntarily and knowingly. *Holland v. State,* 990 S.W.2d 24, 31 (Mo.App.1999). All errors regarding ineffective assistance of counsel are waived save for those which affect the voluntariness of the guilty plea or the understanding with which it was given. *Weston v. State,* 2 S.W.3d 111, 114 (Mo.App.1999). An appellant must show that except for the mistakes of counsel, he would not have pled guilty. *Hagan v. State,* 836 S.W.2d 459, 464 (Mo. banc 1992); *Hubbard v. State,* 31 S.W.3d 25, 38 (Mo. App.2000).

Movant failed to allege facts that warrant relief, and the record refutes the contention that there was ineffective assistance of counsel that prevented movant from being sentenced to either of the drug treatment programs. Movant alleged that his plea counsel told him not to talk to anyone from Probation and Parole until the issues involving movant's prior convictions were resolved. Movant claimed that as a result of his counsel's advice, he did not respond to the efforts of Probation and Parole to interview him as part of its PSI and screening for the drug treatment programs. Movant does not allege that his plea counsel failed to contact him subsequent to entering his guilty plea to resolve the issue of his prior convictions, or that movant tried to contact counsel, and counsel failed to respond regarding the prior convictions. Movant did not respond to Probation and Parole's efforts to interview him. He failed to appear at the December

20 hearing at which the PSI was returned to the trial court, and a warrant was issued for him. At the sentencing hearing, movant admitted to using cocaine in the period following his guilty plea. The trial court noted at sentencing that the PSI showed that movant had "a long criminal history." The trial court also indicated its belief that movant was not serious about wanting drug treatment. Movant also stated at sentencing that "I turned back to cocaine.... If by chance I done blew that chance of getting me some help, then I'm not mad at nobody but myself because I did that to myself." The trial court informed movant of his rights under Rule 24.035, which movant stated that he understood. The trial court also asked movant if he was satisfied with the services of his attorney, and movant stated that he was still satisfied with counsel's efforts. The motion court's ruling on this point was not clearly erroneous. Point denied.

■ In his second point on appeal, movant asserts that the motion court clearly erred by denying his post-conviction motion without an evidentiary hearing because he alleged facts not refuted by the record that, if proven, would entitle him to relief. Movant alleged ineffective assistance of counsel in that his attorney promised him that if he pled guilty that he would be sentenced to either the 120–day or long-term drug treatment program with the possibility of early release if he completed either program successfully. Movant alleged that he was prejudiced by his counsel's ineffective assistance because he was sentenced to imprisonment, not a drug treatment program, and but for his counsel's promises, he would not have pled guilty, but rather would have proceeded to trial.

■ Movant contends that the motion court did not rule on this issue, which was included in his amended motion for post-conviction relief, and failed to make findings on it. The motion court is required to make specific findings of fact and conclusions of law on all points presented in a post-conviction motion for relief. *Moore v. State*, 927 S.W.2d 939, 941 (Mo.App.1996). The record reflects that the motion court did not make findings on this point raised in movant's amended motion. The motion court states in its judgment that "[m]ovant's sole point in his Amended Motion is that his lawyer was ineffective for preventing him from being considered for either drug treatment program in that counsel told movant to talk to him about his criminal record before talking to the probation department." The record does not refute movant's allegation that his counsel promised that he would be sentenced to a drug treatment program in return for his guilty plea. Accordingly, we remand this cause to the motion court for an evidentiary hearing on movant's claim of ineffective assistance of counsel that counsel promised movant that he would be sentenced to a drug treatment program with the possibility of early release from confinement if he pled guilty. Point sustained.

The judgment of the motion court is affirmed in part and remanded in part.

MARY R. RUSSELL, P.J., and CHARLES B. BLACKMAR, SR. J., concur.