Stanley URSERY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 81890.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 7, 2003.

See also 43 S.W.3d 453.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Stanley Ursery ("Movant") appeals the denial of his Rule 29.15 motion alleging ineffective assistance of counsel without an evidentiary hearing. We affirm in part and reverse in part and remand for an evidentiary hearing.

Movant was convicted by a jury of assault in the first degree, section 565.050 RSMo 2000,[1] armed criminal action, section 571.015, and unlawful use of a weapon, section 571.030. He was sentenced to consecutive terms of fifteen, twenty and fifteen years, respectively. The judgment and sentences were affirmed by this court in *State v. Ursery*, 43 S.W.3d 453 (Mo.App. 2001).

Movant filed a pro se motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed and later filed an amended motion, which was denied without an evidentiary hearing. Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after a review of the entire record, this court is left with a definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A movant is entitled to an evidentiary hearing if (1) the movant cites facts, not conclusions, which if true would entitle the movant to relief; (2) the factual allegations are not refuted by the record; and (3) the matters complained of were prejudicial to movant. *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000).

In his first point, Movant claims that the trial court clearly erred in denying him an evidentiary hearing on his claim that his

---

1. All Statutory references are to RSMo 2000    unless otherwise indicated.

counsel was ineffective for failing to call Kim and Karen Ursery as alibi witnesses. Movant alleged that counsel was aware of these witnesses and their willingness to testify if called. Movant claims they would have testified that they were with Movant at a different location at the time the crimes were committed. In his third point, Movant claims the trial court clearly erred in denying him an evidentiary hearing on his claim that his counsel was ineffective for failing to call him to testify despite his wish to do so.

 On appeal, the State concedes that the trial court erred in denying him an evidentiary hearing on these two allegations of his amended motion. We agree. Without an evidentiary hearing, it cannot be determined why counsel did not call Kim and Karen Ursery to testify as alibi witnesses, or if he actually prevented Movant from testifying. Accordingly, we reverse the judgment as to those two allegations in the amended motion and remand for an evidentiary hearing.

In his second point, Defendant claims the motion court erred in denying him an evidentiary hearing on his allegation that his counsel was ineffective for failing to call Bill Ellis, Curtis Ellis and Kenneth Hayes as witnesses. Movant alleges that these witnesses were "in the vicinity" of the shooting and would testify that Movant was not at the scene at the time of the shooting. We find no error in denying Movant an evidentiary hearing on this allegation because Movant does not allege facts that would provide him with a viable defense. Movant does not specifically allege where these witnesses were at the time of the shooting. Moreover, the fact that three witnesses who were "in the vicinity" did not see Movant does not prove he was not there. Point denied.

We reverse the judgment insofar as it denies Movant's claim that counsel was ineffective for failing to call Kim and Karen Ursery as alibi witnesses and failing to permit him to testify and remand for an evidentiary hearing on those allegations. In all other respects, the judgment is affirmed.

BOOKER T. SHAW, P.J., and GEORGE W. DRAPER III, J., Concur.