**Stanley WRIGHT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99364.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 22, 2013.

382

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Stanley Wright ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Finding no error, we affirm.

On October 7, 2009, Movant pleaded guilty to felonious restraint in violation of section 565.120 RSMo 2000 pursuant to a plea agreement with the State. The State dismissed a second charge, armed criminal action, and recommended that Movant receive a term of five years' imprisonment with a suspended execution of sentence and five years of supervised probation. Thereafter, Movant violated the terms of his probation.

On September 7, 2011, Movant pleaded guilty to the crime of stalking, and admitted to the plea court that he had violated the terms of his probation for the felonious

restraint charge. The plea court ordered that his probation be revoked and that his sentence be executed. It also questioned Movant pursuant to Rule 29.07 regarding his legal representation in the stalking case and in the felonious restraint case. Movant expressed satisfaction with both of the plea counsels for the respective charges.

■■■■ Movant thereafter timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035, subsequently amended by retained counsel.[1] In his amended motion, Movant contended that his guilty plea in October 2009 was involuntary, unknowing, and unintelligent because his plea counsel was ineffective for failing to investigate the complaining witness, his wife Mrs. Wright, and for failing to subpoena her for trial. He claims that she would have testified that he did not restrain her against her will and that he told plea counsel that she was available as a witness. He asserted that he would not have pleaded guilty if plea counsel had investigated and subpoenaed Mrs. Wright.

The motion court denied Movant's amended motion for post-conviction relief without an evidentiary hearing. The motion court concluded that Movant's claim was without merit. It found that in the questioning during his October 2009 guilty plea, Movant stated that plea counsel had investigated the case to his full satisfaction, had interviewed all of the witnesses that Movant knew of, and that Movant did not know of any witnesses that he wanted plea counsel to interview that had not already been interviewed. The motion court found that it was "clear that Movant did not name [Mrs.] Wright as a witness who was not investigated, when he had the opportunity to do so." It concluded that the record conclusively showed that Movant was entitled to no relief, and denied Movant's amended motion.

Movant now appeals from this judgment.

■■■■ Appellate review of the motion court's denial of a motion for post-conviction relief is not de novo. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are presumptively correct. *Id.* Our review is limited to the determination of whether or not the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied,* 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). We will find the motion court's findings and conclusions clearly erroneous only if, after a review of the entire record, we are left with the firm and definite impression that a mistake has been made. *Taylor,* 929 S.W.2d at 224. An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines that the motion and the files and records of the case conclusively show that movant is not entitled to relief. Rule 24.035(h); *Brown v. State,*

---

1. The amended motion was filed untimely on the 91st day after the transcript had been filed. Ordinarily the untimeliness of an amended motion acts as a total bar to consideration of the allegations contained therein, as the time limits governing post-conviction motions are considered mandatory. *Castor v. State,* 245 S.W.3d 909, 911 (Mo.App.2008). In general when an amended motion has been filed out of time, the proper remedy is to remand the case to the motion court to determine the cause of the untimeliness, and whether the movant was abandoned by counsel. *Id.* at 911–12. However, because the record suggests that the delay in filing was attributable solely to Movant's counsel and the motion court could consider the claims in the untimely amended motion, and because the motion court has already adjudicated those claims, no purpose would be served in remanding this case to the motion court for a determination on the abandonment issue. *Id.* at 912. Accordingly, we will review the merits of this appeal.

67 S.W.3d 708, 709 (Mo.App.2002). To be entitled to an evidentiary hearing, movant must: (1) allege facts, not conclusions, which merit relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters must have resulted in prejudice to movant. *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000), *cert. denied*, 531 U.S. 1171, 121 S.Ct. 1140, 148 L.Ed.2d 1004 (2001); *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000), *cert. denied*, 541 U.S. 996, 124 S.Ct. 2031, 158 L.Ed.2d 505 (2004).

▆▆▆▆ To warrant an evidentiary hearing on a claim of ineffective assistance of counsel, movant must allege facts that are unrefuted by the record that show that his counsel's performance failed to conform to the degree of diligence and skill of a reasonably competent attorney, thereby prejudicing movant. *Gream v. State*, 90 S.W.3d 498, 501 (Mo.App.2002). Following a plea of guilty, a claim of ineffective assistance of counsel is material only to the extent that it affects whether or not the guilty plea was made knowingly and voluntarily. *Id.* All errors regarding ineffective assistance of counsel are waived except for those that affect the voluntariness of the guilty plea or the understanding with which it was given. *Id.* An appellant must show that except for counsel's ineffectiveness, he would not have pleaded guilty. *Id.* Prejudice requires a showing that except for counsel's mistakes, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gream*, 90 S.W.3d at 501.

In his sole point relied on Movant avers that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleged facts not conclusively refuted by the record that would entitle him to relief.

He asserts he was denied due process of law and received ineffective assistance of counsel because plea counsel failed to investigate and subpoena a witness. Movant alleges that the motion court's denial of relief without an evidentiary hearing leaves a definite and firm impression that a mistake was made in that his general acknowledgment at his plea hearing that he was satisfied with plea counsel and plea counsel's witness investigation did not conclusively refute his claim where there was a "group plea" with a confusing record and no post-sentencing examination.

▆▆▆▆ With respect to a claim of ineffective assistance of counsel for failing to investigate and call witnesses, Movant must plead and prove that: (1) counsel knew or should have known of the existence of the witness; (2) the witness could have been located through reasonable investigation; (3) the witness would have testified; and (4) the testimony would have produced a viable defense. *Glass v. State*, 227 S.W.3d 463, 468 (Mo. banc 2007). A plea of guilty in general waives any future complaint that a defendant might have about counsel's failure to investigate his case. *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App.2003). A guilty plea renders a claim of ineffective assistance of counsel irrelevant, save to the extent that it affects the voluntariness, knowledge, and understanding with which the movant's guilty plea was made. *Id.*

▆▆▆▆ Our review of Movant's claim reveals it is refuted by the record. "To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Guynes v. State*, 191 S.W.3d 80, 83 (Mo.App.2006) (*quoting State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995)). The following exchange took place at Movant's October 2009 plea hearing:

Plea court: Has your attorney investigated the case to your full satisfaction?

Movant: Yes.

Plea court: Has your attorney interviewed all the witnesses that you know of in the case?

Movant: Yes.

Plea court: Do you know of any witnesses that you wanted your attorney to interview that the attorney didn't interview?

Movant: No.

Plea court: Were there any alibi witnesses in the case to your knowledge?

Movant: No.

Plea court: Has your attorney done all the things that you have requested to do for you in your case?

Movant: Yes.

Plea court: Has your attorney refused to do anything for you in your case that you thought the attorney should have done for you?

Movant: No.

. . .

Plea court: Do you think you have had sufficient opportunity to discuss the case with your attorney before you plead guilty to the charges?

Movant: Yes.

Plea court: Have all defenses available to you been discussed and explained to your full satisfaction by your attorney?

Movant: Yes.

Plea court: Are you fully satisfied with the advice and counsel of your attorney in regard to the case?

Movant: Yes.

Plea court: Do you have any complaints whatsoever to make about your attorney's handling of the case for you?

Movant: No, sir.

Plea court: Now, Mr. Wright, how do you plead to Count I only, the class C felony of felonious restraint?

Movant: Guilty.

. . .

Plea court: Are you pleading guilty because you are in fact guilty and admit you committed the offenses with which you are charged?

Movant: Yes.

. . .

Plea court: And have all of your answers then to my questions been truthful here today?

Movant: Yes.

At the September 2011 guilty plea and probation revocation hearing, the following exchange took place pursuant to Rule 29.07.

Plea court ... The Court is now required to examine you as to the assistance of counsel received by you in your cases. And you'll be examined under oath, and I will remind you that you are still under oath.

. . .

Plea court: Your attorney in your probation case was [plea counsel]; is that right?

Movant: Yes.

Plea court: And of course [plea counsel 2] is your attorney in the new case today?

Movant: Yes.

Plea court: Did you have sufficient opportunity to discuss your cases with your respective attorneys before you entered your pleas of guilty in those cases?

Movant: Yes.

Plea court: And did they do the things that you requested them to do prior to entering your pleas of guilty?

Movant: Yes.

Plea court: Other than the terms of any plea bargain agreement, did your attorneys communicate any threats or promises to you to induce you to enter your pleas of guilty?

Movant: No.

Plea court: And are you satisfied with the services rendered to you by [plea counsel] and [plea counsel 2] in these cases?

Movant: Yes.

Plea court: Let the record reflect the Court finds no probable cause of ineffective assistance of counsel exists in either of these cases. . . .

The plea court's Rule 29.07 examination of Movant was directed solely towards him, and was not part of a group colloquy.

The record clearly reflects that Movant was questioned about plea counsel's investigation of witnesses, and Movant positively stated that there were no witnesses that he had wanted plea counsel to interview that plea counsel did not interview and that he did not know of any alibi witnesses. Movant stated in October 2009 and again in September 2011 that plea counsel had done all that was requested by Movant and that he was satisfied with plea counsel's services.

 Movant argues that the record does not conclusively refute his allegations because the proceedings were part of group guilty pleas with an inadequate record. He also asserts that the plea court failed to question him after sentencing

pursuant to Rule 29.07. This Court agrees with Movant that the use of group guilty pleas is a problematic practice, and we have stated repeatedly that it should be discontinued. *See Castor*, 245 S.W.3d at 915 n. 8; *Elverum v. State*, 232 S.W.3d 710, 712 n. 4 (Mo.App.2007); *Guynes*, 191 S.W.3d at 83 n. 2. The Missouri Supreme Court rejected the argument that group pleas should be deemed automatically invalid or declared impermissible, but it went on to state that group pleas "are not preferred practice and should be used sparingly." *Roberts v. State*, 276 S.W.3d 833, 836 n. 5 (Mo. banc 2009).[2] However, the record is sufficiently clear in this case as to refute conclusively Movant's allegations, and as noted above, the plea court did question Movant under Rule 29.07, and directed its questions solely towards Movant. Movant criticizes the record before the motion court as excerpted from the group guilty pleas. However, the transcripts before the motion court appear to have been properly certified as accurate by the court reporter, and no motion was made to supplement the record before the motion court.[3] The motion court did not clearly err in denying Movant's Rule 24.035 motion without an evidentiary hearing. Point denied.

The judgment of the motion court is affirmed.

ROY L. RICHTER, P.J., concurs in separate concurring opinion.

GLENN A. NORTON, J., concurs in both opinions.

---

**2.** Trial courts should heed the admonition of our Supreme Court that group guilty pleas are not preferred practice and should be used sparingly.

**3.** The use of excerpted transcripts in cases involving group pleas is another problematic practice that can raise issues in proceedings on a Rule 24.035 motion. The Missouri Su-

preme Court noted in *Roberts*, 276 S.W.3d at 836, "[t]here is no doubt that group plea proceedings like the one in which Movant's plea was entered unnecessarily increase the opportunities for mistakes or confusion." In the present case, the record before the motion court is clear and is bolstered by the individual Rule 29.07 examination of Movant.

**388**

ROY L. RICHTER, Presiding Judge.

Based on our Supreme Court's holding in *Roberts v. State*, 276 S.W.3d 833 (Mo. banc 2009), I reluctantly concur.

As noted in the footnotes of the *Roberts* opinion, the use of "group pleas" is to be used sparingly. Missouri is not alone in attempting to discourage the practice, which has also been criticized by Tennessee, Georgia and Louisiana. Defense lawyers agreeing to such a procedure may well be presumptively ineffective.

The Supreme Court's admonition in *Roberts* has obviously been ignored by the judge in this case:

> Although this Court is not persuaded by Movant's arguments suggesting that group pleas should be deemed automatically invalid or declared impermissible, group pleas are not preferred procedure and should be used sparingly.

A defendant pleading guilty to a felony and facing years in prison should be addressed individually throughout the plea proceeding to assure that the defendant understands the proceeding and is not merely repeating the answers given by the multiple preceding defendants.

Beginning with *Guynes v. State*, 191 S.W.3d 80 (Mo.App.2006), *Elverum v. State*, 232 S.W.3d 710 (Mo.App.2007), *Castor v. State*, 245 S.W.3d 909 (Mo.App. 2008), *Roberts* in 2009, and now in the instant case, the same judge continues to conduct "group pleas" involving three to eight defendants with unrelated cases. Absent guidance from our Supreme Court, this practice will no doubt continue to "save time" for the judge while virtually guaranteeing an appeal at a later date to determine whether the plea was knowing and voluntary, or the result of a defendant

parroting the answers of the other defendants as the judge "moved down the line."