

## In the Missouri Court of Appeals
### Eastern District
#### DIVISION ONE

| | | |
|---|---|---|
| ROBIN LUCAS, | ) | No. ED101511 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Hon. Kenneth W. Pratte |
| | ) | |
| Respondent. | ) | FILED:  December 23, 2014 |

Robin Lucas ("Movant") appeals from the judgment of the motion court that denied her amended motion for post-conviction relief pursuant to Rule 24.035 without an evidentiary hearing.  We affirm in part and modify in part.

Viewed in the light most favorable to the judgment, the facts are as follows.  In April 2011, Movant shot and killed Thomas Triplett, Jr.  After shooting Triplett, Movant called 911 and informed them of the events.  Sometime thereafter Movant was taken into custody and Mirandized.  After being informed of her Miranda rights, Movant gave a statement to the police in which she confessed to killing Triplett.

The State originally charged Movant by indictment with one count of murder in the first degree and one count of armed criminal action.  Pursuant to a plea agreement, the State filed a substitute information that charged Movant with murder in the second degree and dropped the armed criminal action count.  The State also agreed to dismiss some pending drug charges and to request a sentence of life imprisonment to run concurrently with any sentences for which Movant currently was serving time.

The plea court and the attorneys discussed the details of the plea bargain at the plea hearing. The plea court questioned Movant and plea counsel to determine whether or not her guilty plea was made knowingly, voluntarily, and intelligently. Movant testified that plea counsel had represented her from the beginning of the case, and that she had discussed her case with him approximately 15 times for about 20 hours. She stated that plea counsel had investigated her case to her full satisfaction and interviewed all of the witnesses that she knew of. Movant further averred that plea counsel had done everything that she had asked him to do for the case, and had not refused to do anything for her that she thought should be done. She told the plea court that she had made a confession and incriminating statements to the police. Plea counsel explained that Movant made some statements to the police when she was not in custody, namely during the 911 call when she reported the shooting to the police, and that she was not Mirandized then. When the police took her into custody, she made additional statements after she was Mirandized. Plea counsel told the plea court that he had advised Movant of her right to try to suppress her statements to the police, and that she was waiving that right. The plea court questioned Movant about this issue, and she replied that plea counsel had stated things correctly, that she had discussed the matter with him, and did not want to file any motion to suppress.

The plea court questioned Movant further about pleading guilty and about her legal representation as follows:

> Plea court: Do you think that you have had sufficient opportunity to discuss the case with your attorney before you plead guilty?
>
> Movant: Yes.
>
> Plea court: Have all defenses available to you been discussed and explained to your full satisfaction by your attorney?
>
> Movant: Yes.
>
> Plea court: Are you fully satisfied with the advice and counsel of your attorney in regard to the case?

> Movant: Yes.
>
> Plea court: Do you have any complaints whatsoever to make about your attorney's handling of the case for you?
>
> Movant: No.

The plea court advised Movant of the rights that she would be giving up by pleading guilty and asked if she understood what she was waiving by a guilty plea. She responded affirmatively. The plea court recited the essential elements of the charge, and whether she admitted all of them, to which she replied, "I do." The plea court also set forth the range of punishment for murder in the second degree as "not less than ten years nor more than thirty years or life imprisonment[,]" and asked Movant if she understood, to which she replied in the affirmative. The plea court then asked Movant if any threats or pressure had been applied to make her plead guilty, to which she replied in the negative.

Movant stated that she understood the plea agreement, and had no questions about it. She said that there were no other promises or agreements other than the stated plea agreement. Plea counsel averred that he had explained that by pleading guilty to murder in the second degree Movant would have to serve 85 percent of her sentence before becoming eligible for parole. Movant said that she understood these consequences. When asked about the charge, Movant testified that she knowingly caused the death of Triplett by shooting him. After determining that Movant was clearheaded and capable of understanding the process, it questioned Movant further regarding the voluntariness of her plea as follows:

> Plea court: Has your attorney at any time told you to answer any of my questions untruthfully?
>
> Movant: No.
>
> Plea court: Has your attorney or anyone else told you that there are any special deals worked that have not been mentioned here on the record today?

3

Movant: No.

Plea court: And have all your answers then to my questions been truthful here today?

Movant: Yes.

Plea Court: It's my understanding that you do wish to waive or give up your right to a sentencing assessment report, and you want the Court to go ahead and pronounce sentence upon you today in accordance with your plea bargain; is that correct?

Movant: Yes.

Plea Court… Let the record reflect that the Court finds that the defendant's plea of guilty is made voluntarily and intelligently with full understanding of the charge and the consequences of the plea and with the understanding of her rights attending a jury trial and the effect of a plea of guilty on those rights. The Court also finds that there is a factual basis for the plea.

…

Plea court: It is the sentence, judgment, and order of the Court that the defendant be confined in the State Department of Corrections for a period [of] life for the class A felony of murder in the second degree….

The plea court then questioned Movant regarding her legal representation as follows:

Plea court: Once again, did you have sufficient opportunity to discuss the case with [plea counsel] before you entered your plea of guilty?

Movant: Yes.

Plea court: Did he do everything that you asked him to do prior to your entering your plea of guilty?

Movant: Yes.

Plea court: Other than the terms of any plea bargain agreement, did your attorney communicate any threats or promises to you to induce you to enter your plea of guilty?

Movant: No.

Plea court: And are you satisfied with the services rendered to you by [plea counsel] as your attorney?

Movant: Yes.

4

The plea court found that Movant had not received ineffective assistance of counsel.

Thereafter Movant filed a motion for post-conviction relief pursuant to Rule 24.035, subsequently amended by appointed counsel. Movant alleged, among other things, that plea counsel was ineffective by failing to explain adequately to her that the recording of her 911 call would be available for admission at trial, thereby inducing her to plead guilty. Movant also alleged that the plea court erred in entering written judgment and sentence by stating that the length of imprisonment to be 99 years, where the oral pronouncement before Movant was a term of life imprisonment.

The motion court denied Movant's amended motion without an evidentiary hearing. Movant now appeals from this judgment.

Appellate review of the motion court's denial of a motion for post-conviction relief is not de novo. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are presumptively correct. Id. Our review is limited to the determination of whether or not the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); State v. Taylor, 929 S.W.2d 209, 224 (Mo. banc 1996), cert. denied, 519 U.S. 112 (1997). We will find the motion court's findings and conclusions clearly erroneous only if, after a review of the entire record, we are left with the firm and definite impression that a mistake has been made. Taylor, 929 S.W.2d at 224. The Movant has the burden of proving by a preponderance of the evidence that the motion court clearly erred. Rule 24.035(k); Buckner v. State, 35 S.W.3d 417, 420 (Mo. App. 2000).

An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines that the motion and the files and records of the case conclusively show that Movant is not entitled to relief. Rule 24.035(h); Brown v. State, 67 S.W.3d 708, 709 (Mo. App. 2002). To be entitled to an evidentiary hearing, Movant must: (1) allege facts, not

5

conclusions, which merit relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters must have resulted in prejudice to Movant. Morrow v. State, 21 S.W.3d 819, 822-23 (Mo. banc 2000), cert. denied, 531 U.S. 1171 (2001); Hall v. State, 16 S.W.3d 582, 585 (Mo. banc 2000), cert. denied, 541 U.S. 996 (2004). To warrant an evidentiary hearing on a claim of ineffective assistance of counsel, Movant must allege facts that are unrefuted by the record that show that her counsel's performance failed to conform to the degree of diligence and skill of a reasonably competent attorney, thereby prejudicing Movant. Gream v. State, 90 S.W.3d 498, 501 (Mo. App. 2002). Moreover, this Court will not reverse the motion court where the motion court reaches the correct result even if for the wrong reason. Hays v. State, 360 S.W.3d 304, 310 (Mo. App. 2012).

After a plea of guilty, an ineffective assistance of counsel claim is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made. Dobbins v. State, 187 S.W.3d 865, 866 (Mo. banc 2006). All errors regarding ineffective assistance of counsel are waived except for those that affect the voluntariness of the guilty plea or the understanding with which it was given. Gream, 90 S.W.3d at 501. An appellant must show that except for counsel's ineffectiveness, she would not have pleaded guilty. Id. Prejudice requires a showing that except for counsel's mistakes, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gream, 90 S.W.3d at 501. The motion court may properly consider a Movant's factual representations during a Rule 29.07(b)(4) inquiry in considering subsequent testimony to the contrary. State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995). A Movant's expressions of satisfaction with counsel at the Rule 29.07(b)(4) inquiry are relevant to determining whether counsel acted contrary to a Movant's direction. Id.

A guilty plea must be not merely a voluntary expression of the defendant's choice, but must also be done knowingly and intelligently, with sufficient awareness of the pertinent circumstances and likely results of the act. Bequette v. State, 161 S.W.3d 905, 907 (Mo. App. 2005). A guilty plea is not voluntarily made if the defendant is misled, or is induced to plead guilty by mistake or fraud, by fear, persuasion, misapprehension, or the holding out of hopes that prove to be false or ill-founded. Id. at 907-08 (quoting Drew v. State, 436 S.W.2d 727, 729 (Mo. 1969)).

In her first point relied on Movant contends that the motion court clearly erred in denying her amended motion pursuant to Rule 24.035 without an evidentiary hearing because she alleged facts that would entitle her to relief that were not conclusively refuted by the record that plea counsel was ineffective for inducing her to make an unknowing, unintelligent, and involuntary plea of guilty. Movant asserts that plea counsel failed to explain adequately to her that the recording of her 911 call would be available for admission at trial if she chose to plead not guilty, and that she was prejudiced thereby. She claims that but for plea counsel's ineffectiveness, she would have not pleaded guilty but rather gone to trial, and that the motion court's ruling denied Movant her constitutional rights.

The record conclusively refutes Movant's allegations of plea counsel's alleged ineffectiveness. Movant testified that she discussed her case with plea counsel for approximately 20 hours, and that she had fully discussed all available defenses with plea counsel, who had explained them to her. She further stated that she was fully satisfied with plea counsel's performance and that he had done all that she had asked and investigated all witnesses.

In addition, Movant argues that reasonably competent counsel would have explained to her that the foundation for admitting the recording of the 911 call could have been established by a stipulation from the State, and by explaining stipulation to her. However, Movant fails to

allege that the State would have stipulated to the admission of the 911 recording, or that the recording, which was hearsay, would have fallen into an admissible exception to the hearsay rule. See State v. Thomas, 272 S.W.3d 421, 427-28 (Mo. App. 2008). Movant also fails to demonstrate that she was prejudiced by the alleged ineffectiveness of plea counsel, where Movant also made a confession to police. Point denied.

In her second point relied on Movant argues that the motion court clearly erred in denying her amended motion for post-conviction relief pursuant to Rule 24.035 because she pleaded facts that would entitle her to relief that were not conclusively refuted by the record. Movant avers that the plea court's written judgment and sentence imposed a length of 99 sentence for life in prison, which is materially different from the life sentence pronounced orally by the plea court at sentencing.

The trial court's written judgment and sentence should reflect its oral pronouncement of sentence before the defendant. State ex rel. Zinna v. Steele, 301 S.W.3d 510, 514 (Mo. banc 2010). Where there is a material variance between the written judgment and the oral pronouncement, the oral pronouncement is controlling. Id. The State admits that there is a variance between the oral pronouncement and the written judgment and sentence, and that a 99-year sentence carries a later parole eligibility date than a life sentence. We need not remand the case where we can properly rectify the sentence. State v. Harris, 364 S.W.3d 790, 796-97 (Mo. App. 2012). Accordingly, we correct and modify the judgment to reflect a life sentence for Movant's plea of guilty on the charge of murder in the second degree. Rule 30.23.

The judgment of the motion court is affirmed as modified.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., and Lisa Van Amburg, J., concur.

8