

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| AMBER R. MILLER, | ) | ED103323 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| v. | ) | 15SF-CC00024 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy Wexler-Horn |
| | ) | |
| Respondent. | ) | Filed: May 3, 2016 |

Amber Miller ("Movant") appeals from the denial, without an evidentiary hearing, of her Rule 24.035 motion for post-conviction relief. We reverse and remand with instructions.

## I. BACKGROUND

Before this court delves into the facts of this appeal, we note the transcript provided to this court has been redacted so as to encompass only certain segments of the plea hearing. This redaction runs afoul of Rule 81.15(b). <u>See</u> Rule 81.15(b) ("If the trial proceedings are recorded by a court reporter present at the time of such proceedings, the transcript thereof shall be certified by the court reporter as a *true and accurate reproduction* of the proceedings transcribed. . . . ") (emphasis added). Without assigning blame for this redaction, such a blatant violation of Rule 81.15(b) is improper and fails to give this court a complete picture of what transpired at the plea hearing; it hinders this court's appellate review especially in a situation as this where the procedure itself is at issue. This court should never be provided redacted transcripts.

On or about November 04, 2013, Movant appeared before the plea court in Saint Francois County and contemporaneously pled guilty to a number of criminal charges associated with two different criminal matters: cause numbers 13SF-CR01543-01 and 13SG-CR00276-01.

First, in cause number 13SF-CR01543-01 ("St. Francois County Matter")—which forms the bases of this appeal—Movant was charged with and pled guilty to one count of burglary in the second degree and one count of stealing property of another in excess of $500 for crimes that occurred in the County of Saint Francois. In conjunction with this cause number, Movant was present at the plea hearing, represented by a public defender ("St. Francois Public Defender"), and prosecuted by the Office of the St. Francois County Prosecutor.

Second, in cause number 13SG-CR00276-01 ("Ste. Genevieve County Matter"), Movant was apparently—based upon a redacted transcript submitted to this court—charged with and pled guilty to one count of burglary in the second degree for a crime that occurred in the County of Saint Genevieve.[1] It is undisputed that in conjunction with this cause number, Movant was present, represented by a different public defender ("Ste. Genevieve Public Defender"), and prosecuted by the Office of the Ste. Genevieve County Prosecutor.

Movant's guilty pleas regarding these two different cause numbers, from two different counties, involving four different attorneys, were procured simultaneously by the plea court. As if this wholesale approach lacked any possibility of constitutional deficiencies, the plea court, in an effort to save time, also found it prudent to incorporate the pleas of six unrelated defendants within the same proceeding—seven different defendants and eight different cause numbers was the final tally. Due to the redacted transcript, we are unable to determine in which county the other defendants' crimes arose or whether the other defendants were represented by counsel.

---

[1] Both St. Francois County and Ste. Genevieve County fall within the boundaries of this State's Twenty-Fourth Judicial Circuit.

Prior to each defendant entering his or her plea, the plea court extended the following monologue:

> I want to explain this procedure to you just a little bit further.
> The reason that I'm taking your pleas of guilty up in a group like this is to save a great deal of time for the Court, counsel, and you all.
>
> In every case before I can accept a plea of guilty, I need to advise the defendant of their legal rights and ask a number of questions. So I'm going to be addressing my questions and comments to you as a group.
> In order to keep the record straight, I will always start first with you, [Movant] for your response then move straight on down the line in order.
>
> There will, of course, be times when I will need to talk to you in more detail about your particular case, but I will make it very clear to you at that time when I am doing so.
>
> ***
> This is an important thing for you, folks, so I want you to pay attention, please, close attention to the questions that I ask and the rights that I advise you of. And I want to emphasize, just because you're in line, a group like this does not mean that if someone prior to you answers a questions one way, you should feel compelled in any way to give the same answer.
>
> ***
> If the truth of a situation in your case is different than what somebody else says, that's what you should tell me.
>
> Everybody understand what I'm trying to say? I want you to tell me the truth as it relates to you in your particular case.
>
> As I have outlined the procedure, counsel, do you have any objection to the Court taking up your client's pleas of guilty in this manner?

Neither of Movant's attorneys lodged an objection to this "group plea" procedure.

Subsequently, from what this court is able to glean from the redacted transcript, the State attempted to secure Movant's pleas of guilty to both counts of the St. Francois County Matter through a series of questions regarding the factual and evidential bases; additionally, the plea court, independently, pursued its own line of questioning. Upon the State's recommendation, the plea court suspended imposition of sentence in regards to the St. Francois County Matter,

3

ordered Movant to submit to the St. Francois County Drug Court Program, and ordered Movant to pay certain financial restitution.

At some time thereafter, Movant was dismissed from the Drug Court Program. In executing formal sentencing, the plea court heeded the State's recommendation and sentenced Movant to a term of imprisonment totaling fourteen years; seven years' imprisonment for each count, with the sentences running consecutively.

Movant proceeded to timely file her *pro se* Rule 24.035 motion for post-conviction relief, and an amended motion was subsequently filed. Notably, between the time of Movant's sentencing and time of the judgment upon Movant's Rule 24.035 motion, the plea hearing judge retired; accordingly, a different judge was called upon to dispose of Movant's Rule 24.035 motion. Despite the arrival of a new judge that did not conduct the plea hearing, the motion court denied Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

This appeal now follows.

## II. DISCUSSION

In his sole point relied on, Movant argues the motion court clearly erred in denying her Rule 24.035 motion for post-conviction relief because her plea counsel ("Plea Counsel") was ineffective for failing to object to the plea court's "group plea" procedure, in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Specifically, Movant contends a "group plea" scenario is confusing and coercive, thereby causing Movant's guilty plea to be discredited.

*Standard of Review*

4

Appellate review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Pettry v. State, 345 S.W.3d 335, 337 (Mo. App. E.D. 2011); see also Rule 24.035(k). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this court with a "definite and firm impression that a mistake has been made." Redmond v. State, 354 S.W.3d 661, 662 (Mo. App. E.D. 2011) (citations omitted). Movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. See Rule 24.035(i); see also Barnes v. State, 385 S.W.3d 517, 522 (Mo. App. S.D. 2012). This burden is a heavy one as the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including the movant's testimony. Barnes, 385 S.W.3d at 522.

After a guilty plea, any claim of ineffective assistance of counsel is considered only as to the extent that the alleged ineffectiveness affects the "voluntariness" with which the guilty plea was entered. Ducept v. State, 772 S.W.2d 7, 8 (Mo. App. E.D. 1989); Boyd v. State, 205 S.W.3d 334, 338 (Mo. App. S.D. 2006) ("Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made.") (internal citation and quotation marks omitted).

Furthermore, no hearing is required if the record of the case "conclusively shows that the movant is entitled to no relief." Martin v. State, 187 S.W.3d 335, 339 (Mo. App. E.D. 2006). Rather, a movant is only entitled to an evidentiary hearing if: (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the

matters complained of resulted in prejudice to the movant. Jackson v. State, 366 S.W.3d 656, 659 (Mo. App. E.D. 2012).

*Analysis*

In what appears to be at least the tenth time in the past decade, this court is again confronted with a post-conviction appeal, premised upon the same trial court judge's ritual of conducting "group pleas." See, generally, Briley v. State, 464 S.W.3d 537 (Mo. App. E.D. 2015); Snow v. State, 461 S.W.3d 25 (Mo. App. E.D. 2015); Wright v. State, 411 S.W.3d 381 (Mo. App. E.D. 2013); Roberts v. State, 2008 WL 222503 (Mo. App. E.D. Jan. 29, 2008) (overruled by Roberts v. State, 276 S.W.3d 833 (Mo. banc 2009)); Castor v. State, 245 S.W.3d 909 (Mo. App. E.D. 2008); Elverum v. State, 232 S.W.3d 710 (Mo. App. E.D. 2007); Adams v. State, 210 S.W.3d 387 (Mo. App. E.D. 2006); Guynes v. State, 191 S.W.3d 80 (Mo. App. E.D. 2006).[2] This court's recurring warnings and admonitions regarding the practice of "group pleas" has repeatedly fallen on deaf ears in regards to this particular judge. Snow, 461 S.W.3d at 30 n.3 ("This Court again cautioned that trial courts should heed the admonition of our Supreme Court that group guilty pleas are not preferred practice and should be used sparingly in a case involving the same court that took this group plea. This recurring admonition continues to be ignored by the plea court, which contributes to the result we reach on this motion for post-conviction relief."); Wright, 411 S.W.3d at 388 ("Defense lawyers agreeing to such a procedure may well be presumptively ineffective.") (Richter, J., concurring); Castor, 245 S.W.3d at 915 n.8 ("We reiterate that this procedure is not preferred and should be discontinued."); Elverum, 232 S.W.3d at 712 n.4; Guynes, 191 S.W.3d at 83 n.2 ("This procedure is far from ideal and should be discontinued."). Moreover, considering this Court's frequent assaults on group pleas, the

---

[2] This also includes DePriest v. State, SC95483 (transferred to the Supreme Court after opinion).

6

attorneys practicing in this courtroom either have tuned us out or they fear retribution from the trial judge for raising objections to this procedure.

We recognize and do not dispute that the Supreme Court of Missouri has "rejected the argument that group pleas should be deemed automatically invalid or declared impermissible." Wright, 411 S.W.3d at 387 (citing Roberts, 276 S.W.3d at 836 n.5). However, we find the practice so abhorrent and antithetical to the ideas of justice, due process, and fairness that the mere use of such a practice impinges upon the voluntariness of a defendant's plea. See Rule 24.02(b) (". . . before accepting a plea of guilty, the court *must* address the defendant *personally* in open court . . . ") (emphasis added). As such, a review of the record presented on appeal fails to "conclusively show that the movant is entitled to no relief[,]" therein necessitating the need for an evidentiary hearing. Rule 24.035(h). In fact, in circumstances such as the instant matter, wherein the motion court judge differs from the plea court judge, an evidentiary hearing is evermore indispensable.

Based upon this court's frequent and thunderous critiques regarding "group pleas," the impression emerges that plea counsel *may* have been ineffective for failing to object to such a procedure. Risalvato v. State, 856 S.W.2d 370, 373-74 (Mo. App. W.D. 1993) (a movant "may attack only the voluntary and intelligent character of the plea by showing that the advice counsel provided him was not within the *reasonable prevailing norms, standards, diligence and skills that a reasonably competent attorney would provide under similar circumstances*") (emphasis added). Therefore, we hold that a plea counsel's failure to object to a "group plea" procedure is sufficient, in and of itself, to warrant an evidentiary hearing under a Rule 24.035 post-conviction relief motion, as the practice of "group pleas" inescapably impacts the voluntariness of a defendant's plea. Whether plea counsel was indeed ineffective for failing to object and whether

7

that potential ineffectiveness prejudiced Movant is left for the motion court's determination after an evidentiary hearing. Cooper v. State, 356 S.W.3d 148, 153 (Mo. banc 2011) ("[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. To show prejudice in a guilty plea case, a defendant must prove that, but for the errors of counsel, he would not have pleaded guilty and would have demanded trial.") (internal citations and quotation marks omitted).

The quest for judicial economy, while laudable, is no excuse for *en masse* pleas from multiple defendants if such a system precipitates anxieties and reservations regarding the voluntariness of those pleas. Accordingly, Movant's 24.035 motion has alleged facts that would, if proven, establish that her guilty plea was not freely, voluntarily, and intelligently entered due to plea counsel's ineffective assistance of counsel. Movant is entitled to an evidentiary hearing and, on remand, the trial court is instructed to review, *inter alia*, the entire plea proceeding transcript—not the redacted version submitted on appeal—in determining whether the relief requested shall be granted.

### III. CONCLUSION

We reverse the motion court's findings, and the cause is remanded to the motion court to conduct an evidentiary hearing upon Movant's Rule 24.035 motion, with instructions to review the entire plea proceeding transcript, *inter alia*.

_____
Lisa P. Page, Judge

Sherri B. Sullivan, P.J. and
Kurt S. Odenwald, J., concur.

8