**STATE of Missouri, Respondent,**

v.

**William A. McMASTERS, Appellant.**

No. 58827.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 3, 1991.

Charles Andrew Harter, Union, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by the court of violation of Sec. 575.030, R.S.Mo.1986, hindering prosecution, and the resultant sentence of four years imprisonment. Execution of the sentence was suspended and defendant was placed on five years probation. We reverse.

The amended information was in two counts. Count I charged defendant with hiding Robert Cowart, a convicted felon, in defendant's residence for the purpose of preventing the punishment of Cowart for the felony of selling marihuana. Count II, framed in the alternative, charged defendant with obstructing police officers, by means of deception, from performing an act that might aid in the apprehension of Cowart by deliberately telling police officers that Cowart was not present in defendant's residence. The act obstructed was not identified in the information. Both violations were alleged to have occurred on the same date in Franklin County. Count I was based on Sec. 575.030.1(1); Count II was based on Sec. 575.030.1(4). The court found defendant guilty of Count II. Because the charges were brought alternatively the effect of the court's ruling was an acquittal of Count I. *State v. Hurd*, 660 S.W.2d 388 (Mo.App.1983) [1].

Sec. 575.030 provides:

"1. A person commits the crime of hindering prosecution if for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he: ...

(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person."

Defendant was 17 years old and was Cowart's cousin. Cowart had been convicted of sale of marihuana and was supposed to turn himself in to the sheriff's office at noon on April 20, 1989. He did not do so. Instead he, his girl friend, and defendant went to a liquor store in the girl friend's car and purchased beer. They then went to defendant's residence. This occurred at 3:00 p.m. on April 20. There was evidence in the record that defendant was aware that Cowart was to have turned himself in at noon.

The City of Washington police were alerted by the liquor store clerk of Cowart's presence in the city and began looking for the girl friend's car. They located it at the defendant's residence. They immediately placed the house under surveillance. Two officers approached the house and talked to the girl friend. She denied that Cowart was present in the house. She also denied them permission to search the premises. Police advised her they would obtain a search warrant. Shortly thereafter a man left the house and got into the girl friend's car and drove away. He was stopped nearby by one of the officers. Defendant was the driver and only occupant of the vehicle. The chief of police arrived at defendant's location and asked where Cowart was. Defendant responded either that he did not know or that Cowart had gotten into a friend's vehicle and left the area. We will assume the latter statement was made. The police chief stated that if Cowart was in defendant's residence defendant would be arrested for concealing him. Defendant then proceeded on. In approximately five minutes he returned to the residence. When he approached the residence Cowart emerged from the house and was immediately apprehended by the police officers, all of whom had remained at the scene. The chief then ordered defendant arrested. Defendant attempted to flee but was quickly apprehended.

Defendant raises several contentions on appeal. We need deal with only one. That is the challenge to the sufficiency of the evidence to support the court's finding of guilt. He premises this contention on the absence of "reliance" by the police on the defendant's statements concerning Cowart's location. We think the challenge is

more properly to the absence of evidence that defendant prevented or obstructed anyone from performing any act that might aid in the discovery or apprehension of Cowart.

There is no question that defendant lied to the police concerning the location of Cowart. But the statute does not make lying alone a crime. The deception must prevent or obstruct the police from performing an act aiding in the discovery or apprehension of Cowart. There is no evidence in the record that defendant's statement had any effect at all on the police conduct. They did not divert their surveillance or attempt to locate Cowart at a different location. There is no testimony that had defendant told them of Cowart's location they would have conducted themselves any differently than they did. They had already sought and been refused entrance to the house and had advised the girl friend that they would obtain a search warrant. There is no evidence that that plan of action would have been altered or could have been altered if they had been told by defendant that Cowart was in the house. They maintained the surveillance as they had before defendant's statement. The officers testified they placed no reliance on defendant's statement, they did nothing different, and they were not obstructed or prevented from doing anything by the statement. In short, there was no evidence that the police were prevented or obstructed from doing anything by defendant's lie.

We have found no Missouri cases which have dealt with this aspect of the hindering prosecution statute. We believe that the distinction discussed by the court in *State v. Gordon*, 9 Ohio App.3d 184, 458 N.E.2d 1277 (Ohio App.1983) [6] is applicable here:

"In those cases, [finding the evidence insufficient] the oral statements had no more effect on the performance of the police than silence or a refusal to answer would have had. In the instant case, however, the defendant sent the hotly pursuing officers in the wrong direction. We believe it is immaterial whether she did this by pushing them out the open side door, pointing in that direction, or stating that the felon had exited that door."

See also *United States v. Foy*, 416 F.2d 940 (7 Cir.1969) [1, 2]. In the absence of evidence of prevention or obstruction of some act there is no violation of subparagraph (4) of the statute. There is no such evidence here.

The judgment of conviction is reversed and the defendant is ordered discharged.

CARL R. GAERTNER, C.J., and SATZ, J., concur.