# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. ADRIAN S. LENNOX

**Appeal from the Criminal Court for Davidson County**
**No. 99-C-1752     Steve Dozier, Judge**

---

### No. M2000-02869-CCA-R3-CD - Filed September 14, 2001

---

The Defendant, Adrian S. Lennox, was convicted by a jury of aggravated burglary, vandalism, felony evading arrest and driving on a revoked license. The Defendant was then sentenced as a Range II offender to nine years on the aggravated burglary conviction, three years on the vandalism conviction, five years on the felony evading arrest conviction, and six months on the conviction for driving on a revoked license. The trial court ordered that the aggravated burglary and the felony evading sentences run consecutively. On appeal, the Defendant argues that (1) the evidence is insufficient to support the Defendant's convictions, (2) the trial court improperly denied the Defendant's motion for the preparation of trial transcripts prior to his motion for new trial hearing, and (3) the trial court improperly sentenced the Defendant.[1] We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, for the appellant, Adrian S. Lennox.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, District Attorney General; and J. Carlton Drumwright, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]In his brief, the Defendant divides his argument into five issues. We have consolidated the Defendant's issues one and two, regarding the sufficiency of the evidence presented at trial, and issues four and five, regarding sentencing, for clarity and economy.

**OPINION**

On March, 20, 1999, Patricia Cantrell was sunbathing in her backyard when she heard a car pull into her neighbor's driveway. Through a bush between the two houses, Ms. Cantrell saw the feet of a man approach the back door and knock. A few seconds later, Ms. Cantrell heard the sound of breaking glass, and ran to her house to call the police. While talking to the 911 operator, Ms. Cantrell saw the back of a man exit the house with a television set and drive away. Ms. Cantrell was able to describe the car to the 911 operator as the car was leaving. She described it as an older model sedan with a wheel cover on the back. After the Defendant was arrested, Ms. Cantrell identified the Defendant's car as the car she had seen at her neighbor's house.

Only a mile away, Officer Michael Adkins of the Metro-Davidson Police Department was notified about the burglary. As Officer Adkins approached a stoplight, he noticed a car with a television in the back seat matching the description of the car seen by Ms. Cantrell. When Officer Adkins attempted to pull the car over, the car crossed into oncoming traffic and turned down a side street. With Officer Adkins in pursuit, the car turned into a driveway of a private residence, drove through a carport and into the backyard of the residence. The car then crossed into the backyard of Walter Edwards who was working in his garden at the time. The car came within forty feet of Mr. Edwards and then struck a dogwood tree, pulling the tree up by the roots. The Defendant then exited the car, and, after a short foot chase, was apprehended. The Defendant's hand was bleeding and he told Officer Adkins that he knew he was caught because his blood was at the scene of the burglary. Police found a television, a VCR, a camera, a crowbar, and a pair of pliers in the Defendant's car.

Carl Dupree, the victim, was notified by police that his home had been burglarized. Upon returning home, Mr. Dupree discovered that his back door had been kicked in, the glass was broken, and his television was missing. Mr. Dupree also discovered blood stains on the door and inside the house. Mr. Dupree was later taken to Mr. Edward's backyard, where the Defendant had been apprehended, and identified the television in the Defendant's back seat as his own. The repair of Mr. Dupree's door cost about $1,000.

**I. SUFFICIENCY OF THE EVIDENCE**

The Defendant contends that the evidence presented at trial was insufficient to support his convictions, and, therefore, the trial court erred in overruling the Defendant's motion for judgment of acquittal. After a thorough review of the record, we find that the evidence is sufficient to support the convictions, and we affirm the trial court's ruling.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because

conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

## Aggravated Burglary

A person commits aggravated burglary who enters a habitation, without the permission of the property owner, and "commits or attempts to commit a felony, theft or assault." Tenn. Code Ann. §§ 39-14-402 (a)(3), 39-14-403. A habitation is "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Tenn. Code Ann. § 39-14-401 (1)(A).

The Defendant's car was seen pulling into the victim's driveway shortly before Ms. Cantrell heard breaking glass. Ms. Cantrell then saw the back of a person getting into the Defendant's car with a television set. The Defendant was then seen a mile from the victim's home with the victim's television in the backseat of his car. After an unsuccessful attempt to elude the police, the defendant confessed to the crime on two separate occasions. The victim testified at trial that he did not know the Defendant and did not give the Defendant permission to enter his home and take the television.

The Defendant has not met his burden of showing that the evidence presented at trial was insufficient to support his conviction for aggravated burglary. We conclude that the evidence presented was sufficient to support the finding of guilt beyond a reasonable doubt.

## Vandalism

A person commits the crime of vandalism who knowingly causes damage to or destroys real or personal property of another without the owner's consent. See Tenn. Code Ann. § 39-14-408 (a). The evidence at trial, as discussed above, established that the Defendant forcibly entered the victim's home. The evidence further showed that the victim's door was damaged extensively, requiring a replacement door at a cost of $1,000. The evidence presented at trial is sufficient to support the Defendant's conviction for vandalism.

<u>Felony Evading Arrest</u>

Felony evading arrest is defined as follows:

It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.

Tenn. Code Ann. § 39-16-603 (b)(1). Furthermore, while felony evading arrest is generally a Class E felony, it becomes a Class D felony if the offender's actions create a "risk of death or injury to innocent bystanders or other third parties." Tenn. Code Ann. § 39-16-603 (b)(3).

The evidence presented at trial clearly establishes that the Defendant attempted to elude police by crossing over into oncoming traffic, darting down a side street, driving through a private driveway and carport, and finally through Mr. Edward's back yard as he was working in his garden. The evidence also shows that Officer Adkins signaled to the Defendant to bring the vehicle to a stop by turning on his lights and siren.

Furthermore, it is clear that the Defendant's action created a risk of death or injury to others. The Defendant's first attempt to elude Officer Adkins took the Defendant directly into oncoming traffic. After that attempt failed, the Defendant then traveled through a residential area, a private driveway and carport, and, finally a backyard, at a rate of speed high enough to uproot a dogwood tree upon impact. The Defendant was within forty feet of Mr. Edwards as he sped through his backyard, before crashing into the tree. Clearly, the Defendant created a great risk of injury to Mr. Edwards and other members of the neighborhood.

The evidence sufficiently supports the judgment of the trial court, and we affirm the Defendant's conviction for felony evasion of arrest.

## II. MOTION FOR TRIAL TRANSCRIPTS

The Defendant also argues that the trial court erroneously denied his request for trial transcripts prior to the filing of his motion for new trial. Tennessee Rule of Criminal Procedure 33 (b) requires that a motion for new trial be filed "within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). A trial court has no jurisdiction over an untimely filed motion for new trial. See State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997). The Defendant's sentencing order was entered on September 15, 2000, and the Defendant filed his motion for the preparation of trial transcripts on October 5, 2000, fifteen days before Rule 33 (b)'s thirty day time limit would run.

At the hearing on the motion for preparation of trial transcripts and the motion for new trial, the trial judge denied the Defendant's motion, expressing concern that such a delay could result in a late filed motion for new trial and a waiver of possible issues for appeal. The attorney for the Defendant expressed his concern that, without a transcript, he might overlook a possible appellate issue.

Initially, we note that the Defendant's trial was not a long or complex one. Furthermore, the attorney preparing the motion for new trial was the Appellant's attorney at trial. We also note that the Defendant has alleged no prejudice resulting from the trial court's ruling. Without such a showing of prejudice and in light of the brief duration and lack of complexity of the Defendant's trial, we cannot say the trial court erred in overruling the Defendant's motion.

### III.  SENTENCING

Finally, the Defendant challenges the trial court's order that his aggravated burglary and felony evasion sentences be served consecutively. The Defendant alleges that the trial court abused its discretion in ordering consecutive sentences, and that his sentences constitute cruel and unusual punishment when considered in relation to the crimes committed. We must disagree.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Tennessee Code Annotated section 40-35-115 states that the trial court may impose consecutive sentences upon a defendant convicted of multiple criminal offenses if it finds that a preponderance of the evidence establishes that the defendant falls into one of seven categories. First, a trial court may impose consecutive sentences if the defendant is a "professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood." Tenn. Code Ann. § 40-35-115 (b)(1). A court may also impose consecutive sentences if the defendant's "record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115 (b)(2).

The record supports the imposition of consecutive sentences under both of these criteria. The Defendant freely admitted at the sentencing hearing to selling drugs in the past in order to support himself. Furthermore, the Defendant's record reflects one conviction for aggravated sexual battery, two convictions for possession of cocaine with intent to sell, and two theft convictions. The Defendant's employment history also shows a pattern of inconsistent employment. All of these facts support the trial court's classification of the Defendant as a professional criminal and one who has acquired an extensive criminal history. We also conclude that the length of the sentence is reasonably related to the seriousness of the offenses and is no greater than the Defendant deserves. See State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999). The trial court did not err in ordering consecutive sentences.

The Defendant also challenges his sentences on the ground that they constitute cruel and unusual punishment. In State v. Black, 815 S.W.2d 116 (Tenn. 1991), the Tennessee Supreme Court enumerated three factors to be considered in determining whether a sentence is cruel and unusual. Black, 815 S.W.2d at 189. This court must consider (1) whether the punishment imposed comports with contemporary decency standards; (2) whether the punishment is grossly disproportionate to the convicted offense; and (3) whether the punishment goes beyond what is necessary to meet any penological objective. Black, 815 S.W.2d at 189-90.

A review of the record does not convince this court that a fourteen year sentence for a Range II offender with an extensive criminal history violates contemporary standards of decency or is grossly disproportionate to the offenses for which the Defendant was convicted. The Defendant broke into a private residence, attempted to evade police, and recklessly drove through the backyards of several private residences. Furthermore, given the Defendant's extensive criminal history and the failure of previous punishments to dissuade him from his life of crime, we cannot say that the punishment goes beyond what is necessary to meet penological objectives. Accordingly, we affirm the trial court's sentencing determination.

**CONCLUSION**

For the reasons stated above, we find that (1) the evidence is sufficient to support the Defendant's convictions, (2) the trial court properly denied the Defendant's motion for the preparation of trial transcripts prior to his motion for new trial hearing, and (3) the trial court properly sentenced the Defendant. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE