

# In the Missouri Court of Appeals
## Eastern District

### DIVISION III

FLOYD SNOW, JR.,

    Appellant,

vs.

STATE OF MISSOURI,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. ED101804

Appeal from the Circuit Court
of Washington County

Honorable Kenneth W. Pratte

FILED: April 14, 2015

### Introduction

Appellant Floyd Snow ("Snow") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Snow avers that the motion court clearly erred in denying his Rule 24.035 motion because there was an insufficient factual basis to support his guilty plea for hindering prosecution. Because the record fails to demonstrate that Snow's conduct fell within the charge of hindering prosecution, the motion court clearly erred in finding a factual basis for Snow's guilty plea. Accordingly, we reverse the motion court's judgment denying Snow's motion for post-conviction relief and remand the case with instructions to the motion court to set aside Snow's guilty plea and vacate his conviction and sentence for hindering prosecution.

---

[1] All rule references are to Mo. R. Crim. P. (2014).

Factual and Procedural Background

On June 25, 2009, Snow was involved in a physical altercation with a man named James Quinn ("Quinn"). Quinn attacked Snow with a knife and tried to stab him. Snow reacted by hitting Quinn with a wrench. Quinn was injured in the altercation, so Snow went to his landlord's house and asked him to call the police. As a result of Snow's actions following this altercation, the State of Missouri ("State") charged Snow by Amended Information with four felonies: two counts of tampering with physical evidence (Counts I and III); one count of making a false report (Count II); and one count of hindering prosecution (Count IV).

Pursuant to a plea agreement with the State, Snow pleaded guilty to one count of tampering with physical evidence and to the count of hindering prosecution.[2] At the plea hearing, the plea court announced the essential elements of the charges to which Snow was pleading guilty as follows:

> Count III, that you did on or about June 25, 2009, in the County of Washington, State of Missouri, you destroyed, suppressed, or concealed a wrench used to hit James Quinn repeatedly with the purpose to impair its availability in an attempted murder investigation, an official investigation, and thereby impaired and obstructed the prosecution of James Quinn for the crime of attempted murder, a felony.
> . . .
>
> Count IV, the essential elements of the charge are: That you did on or about June 25, 2009, in the County of Washington, State of Missouri, for the purpose of preventing the apprehension of James Quinn for conduct constituting the crime of attempted murder, prevented or obstructed, by means of deception, Jennifer Ernst, a law enforcement officer, from performing an act that might aid in the apprehension of James Quinn, by manipulating the crime scene to make it appear as a burglary instead of an attempted murder.

---

[2] The remaining count of tampering with physical evidence and the count of making a false report were dismissed pursuant to the plea agreement.

2

Snow affirmed that he understood and admitted all the essential elements of the charges. After stating the range of punishment for each offense, the plea court then inquired as to the factual basis supporting the guilty pleas as follows:

> Q. Mr. Snow, Count III, the charge of tampering with physical evidence, tell me what you did on or about June 23, 2009, which led to this charge filed against you.
>
> A: Yeah. Ricky Blake and James Quinn, who I didn't know at the time, they knocked on my door at approximately 2:00 and said the car broke down at the end of my driveway, I tried to help them with the car. To make a long story short, I was asking them . . . Yeah, they said they needed help with their car, so myself and my kids went to try and help them with their car. Didn't appear to be anything wrong with it. They was asked to leave, and when they was asked to leave, they pulled a knife on me, and there was a physical altercation between me and them. Basically I felt I was threatened as well as my family. And after that, you know, they got hurt and then went in my landlord's house and he called the police.
>
> Q: After they what, got hurt? Who got hurt?
>
> A: James Quinn got hurt, so we called the police, and the police arrived on the scene. And then they started doing their investigation.
>
> Q: What did you do? You haven't told me anything about destroying, suppressing, or concealing a wrench.
>
> A: Yeah. Yeah. I threw a wrench in the woods that I hit him with.
>
> . . .
>
> Q: Okay. Well, apparently these activities resulted in an attempted murder investigation. I guess the attempted murder was of James Quinn?

At that point in the hearing, plea counsel interrupted and clarified for the court that it was James Quinn who would have been charged with the attempted murder of Snow. The plea court noted, "[i]t's hard for me to figure this out," but ultimately concluded that it had enough facts to establish the tampering charge. The plea court then asked Snow to explain what he did on June 25, 2009, which led to the charge of hindering prosecution. Snow responded, "I cleaned some of

3

the rocks and stuff. And there was allegedly the body. I went over to my landlord's house to have him call the police. And when I come back, that's when the police arrived on the scene, and had a physical altercation again with James Quinn." Plea counsel then interrupted again to provide clarification for the court:

> Basically Mr. Snow and another member of his family altered the crime scene to make it appear that a burglary was in progress, because they were afraid of what would happen if the police saw things as they were. They were afraid they wouldn't believe it was self-defense, it was my understanding.

The plea court then continued its inquiry of Snow:

Q: I think I understood it really better when your attorney told me than when you told me. I guess I just need to ask, Mr. Snow, do you agree with what he just said to me?

A: Yes.

Q: You altered the scene to make it look like something other than what it really was?

A: Yes.

Q: You tried to make it look like a burglary rather than an attempted murder?

A: Yes, Your Honor.

The plea court accepted Snow's pleas, finding them voluntarily and intelligently made and supported by a sufficient factual basis. The plea court then sentenced Snow, in accordance with the plea agreement, to four years of imprisonment on each count, to run consecutively, with the sentences suspended and Snow placed on supervised probation for five years.

Snow's probation was revoked on October 21, 2013, after he pleaded guilty to tampering with a motor vehicle and felony driving while intoxicated. Snow moved to withdraw his guilty pleas at the probation revocation hearing on the ground that his plea counsel did not adequately

4

explain the crime to which he was pleading. The plea court overruled Snow's motion and ordered the previously imposed sentences for tampering and hindering prosecution executed.

Snow timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Appointed counsel filed an amended motion alleging that Snow's plea to hindering prosecution was not supported by a sufficient factual basis. The motion court denied Snow's motion without an evidentiary hearing, finding that a factual basis for the plea was established and that Snow understood the nature of the charges against him. This appeal follows.

## Point on Appeal

In his sole point on appeal, Snow asserts that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because the record shows that his guilty plea to hindering prosecution was not knowing, intelligent, or voluntary in that a sufficient factual basis for the plea was not established. Specifically, Snow avers that the facts recited at the plea hearing did not establish: (1) that Snow acted with the purpose of preventing the apprehension of Quinn, or (2) that Jennifer Ernst, the responding police officer, was prevented or obstructed from performing an act that might aid in the apprehension of Quinn.

## Standard of Review

Appellate review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 24.035; Day v. State, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

5

Rule 24.02(e) requires the plea court to determine that there is a factual basis for a defendant's guilty plea in order to enter a judgment on the plea. "A factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." Fee v. State, 283 S.W.3d 296, 298 (Mo. App. E.D. 2009). The factual basis does not need to be established by the defendant's words or by an admission of the facts as recited by the State, but may be established on the record as a whole. Id. However, "[t]he defendant should express an awareness of the nature and elements of the charge to which he or she pleads guilty." DeClue v. State, 3 S.W.3d 395, 397 (Mo. App. E.D. 1999) (internal quotations omitted). Additionally, the plea itself forms the factual basis for a guilty plea where it is voluntarily and understandingly made, as well as unequivocal as to the factual requisites necessary to establish every element of the offense. Saffold v. State, 982 S.W.2d 749, 753 (Mo. App. W.D. 1998).

The purpose of the factual basis requirement is to protect a defendant "who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge." Price v. State, 137 S.W.3d 538, 541–42 (Mo. App. S.D. 2004). Accordingly, if the facts presented to the plea court do not establish the commission of the offense, the court must reject the guilty plea. DeClue, 3 S.W.3d at 397.

The offense of hindering prosecution is defined in Section 575.030 as follows:

1. A person commits the crime of hindering prosecution if, for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he:

(1) Harbors or conceals such person; or

(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or

(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or

(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person.

2. Hindering prosecution is a class D felony if the conduct of the other person constitutes a felony; otherwise hindering prosecution is a class A misdemeanor.

Here, the State charged that Snow, for the purpose of preventing the apprehension of James Quinn for conduct constituting the crime of attempted murder, prevented or obstructed, by means of deception, Officer Ernst from performing an act that might have aided in the apprehension of James Quinn.

Snow avers that the factual requisites necessary to establish his liability for hindering prosecution were lacking in two respects. First, Snow asserts that the plea court failed to establish that he acted with the purpose of preventing the apprehension of Quinn. To the contrary, Snow insists that the facts recited at the guilty plea hearing clearly demonstrate that he acted solely for the purpose of preventing his *own* arrest. Second, Snow contends that the plea court failed to establish that his actions did, in fact, prevent or obstruct Officer Ernst from performing an act that might aid in the apprehension of Quinn. We agree.

Snow's guilty plea was conducted in a group plea setting where the State did not recite any facts supporting the charges against Snow or outline the evidence it would have presented at trial.[3] Instead of asking the State to recite the facts supporting the charge of hindering

---

[3] Herein lies the problem. Although the Missouri Supreme Court has not deemed group pleas to be automatically invalid or impermissible, it clearly admonished that group pleas "are not preferred practice and should be used sparingly." Roberts v. State, 276 S.W.3d 833, 836 n.5 (Mo. banc 2009). This Court again cautioned that trial courts should heed the admonition of our Supreme Court that group guilty pleas are not preferred practice and should be

7

prosecution, the plea court inquired of Snow to establish the factual basis for the plea. When asked to explain what he did on June 25, 2009, to lead to the charge of hindering prosecution, Snow responded, "I cleaned some of the rocks and stuff. And there was allegedly the body. I went over to my landlord's house to have him call the police. And when I come back, that's when the police arrived on the scene, and had a physical altercation again with James Quinn." Presumably because Snow's response did not describe the crime of hindering prosecution or demonstrate his awareness of the nature and elements of the crime, plea counsel then interjected and stated:

> Basically Mr. Snow and another member of his family altered the crime scene to make it appear that a burglary was in progress, because they were afraid of what would happen if the police saw things as they were. They were afraid they wouldn't believe it was self-defense, it was my understanding.

Snow then admitted to the plea court that he altered the crime scene to make it look like a burglary rather than an attempted murder.

This disjointed and confusing colloquy between Snow, plea counsel, and the plea court clearly fails to establish that Snow's conduct meets the essential elements of the crime of hindering prosecution. First, the facts acknowledged by Snow at the plea hearing do not establish that Snow acted with the requisite intent to hinder prosecution. Section 575.030 requires that a defendant act "for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime." Section 575.030.1(1). A person "acts purposely," or with purpose, when it is his conscious object to engage in that conduct or to cause that result. Section 562.016. Neither Snow's rambling response nor plea

---

used sparingly in a case involving the same court that took this group plea. Wright v. State, 411 S.W.3d 381, 387 n.2 (Mo. App. E.D. 2013). This recurring admonition continues to be ignored by the plea court, which contributes to the result we reach on this motion for post-conviction relief.

8

counsel's attempt to clarify that response demonstrates that the conscious object of Snow's conduct was to prevent the apprehension of Quinn. Instead, the limited facts offered indicate that Snow's purpose in altering the crime scene was to protect himself from arrest or prosecution for the injuries he inflicted on Quinn. As plea counsel explained, Snow and his family "were afraid of what would happen if the police saw things as they were. They were afraid [the police] wouldn't believe it was self-defense." Indeed, the plea court recognized its difficulty in understanding the meaning of Snow's statements during the plea hearing when, in connection with Snow's statements relating to the tampering charge, the plea court acknowledged that "[i]t's hard for me to figure this out." Although this statement was made in connection with Snow's plea to the tampering charge, we find the statement demonstrates the lack of clarity as to the facts presented at the guilty plea, and underscores the absence of a factual basis for the plea court's acceptance of Snow's plea to the charge of hindering prosecution.

The record also fails to establish that Officer Ernst was prevented or obstructed from performing an act that may have aided in the apprehension of Quinn. At most, the facts offered by plea counsel and admitted by Snow establish that Snow deceived law enforcement by altering the crime scene. But Section 575.030 does not make deceiving law enforcement, by itself, a crime. "The deception must prevent or obstruct the police from performing an act aiding in the discovery or apprehension of [another]." State v. McMasters, 815 S.W.2d 116, 118 (Mo. App. E.D. 1991) (reversing conviction for hindering prosecution where record contained no evidence that defendant's false statement had any effect on police conduct). The plea court did not elicit any details from either the State or Snow as to what act Officer Ernst was prevented from performing that could have aided in Quinn's apprehension. Nor is any such act identified in the Amended Information. Without any facts in the record demonstrating that Snow's deception

9

affected Officer Ernst's conduct, we cannot conclude that Snow's admitted conduct supported the charge of hindering prosecution.

As noted above, the purpose of the factual basis requirement is to protect a defendant who pleads guilty to a charge without realizing that his conduct does not actually fall within the charge. Price v. State, 137 S.W.3d at 541–42. The need for this protection is why courts are required to reject a guilty plea if the facts do not establish the offense. Id. at 542. While we recognize that a factual basis for a guilty plea may be established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, Fee, 283 S.W.3d at 298,[4] the totality of the record before us does not establish that the nature of the crime of hindering prosecution was sufficiently explained to Snow or that he was aware his conduct did not satisfy the required elements of hindering prosecution. The plea court may have avoided this result had it taken the time to inquire further of the State instead of engaging in the group plea. Whatever the reason, because the limited facts recited at the plea hearing do not establish conduct which would constitute the crime of hindering prosecution, we have no alternative but to hold that the motion court clearly erred in finding that there was a sufficient factual basis for Snow's guilty plea and in denying Snow's motion for post-conviction relief.

---

[4] We note that the Western District in Frantz v. State held that simply reciting the charging document at the plea hearing, without more, is insufficient to establish a factual basis to support a defendant's guilty plea and required that the plea court satisfy itself that the conduct of the defendant warrants the charge by inquiring of either the prosecutor or the defendant of the factually specific conduct leading to the charge. Frantz v. State, No. WD76773, 2014 WL 4547840, at *6 (Mo. App. W.D. Sept. 16, 2014), transfer denied (Feb. 3, 2015). Here, although the plea court made a limited inquiry, Snow's response to the inquiry simply did not establish the facts necessary to provide a basis for his plea.

10

## Conclusion

The motion court's judgment denying Snow's Rule 24.035 motion is reversed and the case is remanded with instructions to the motion court to set aside Snow's guilty plea and vacate his conviction and sentence for hindering prosecution.

_Kurt S. Odenwald_
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

11