DANIEL E. SCOTT, J.
Following Deputy Matthew Chism's tragic death, jurors found Joshua Brown ("Defendant") guilty of four related felonies. The trial court accepted two of those verdicts and sentenced Defendant thereon, but entered a judgment of acquittal on felony murder (§ 565.021)[1] and its predicate offense of hindering prosecution *648 (§ 575.030), ruling that the state had not made a submissible case on the latter.
The state appeals, urging that it made a submissible case on hindering prosecution (Point I) and, thus, also felony murder (Point II). Having carefully considered the record and the hindering-prosecution statute, we cannot agree, and therefore must affirm the trial court's judgment.
Background[2]
Patrolling El Dorado Springs shortly after midnight, Deputy Chism met a vehicle with a headlight out. He got behind the vehicle, then activated his lights and siren. The vehicle sped off. Deputy Chism gave chase. The vehicle ran several stop signs at highway speed with the deputy in pursuit. After some 12 blocks, the vehicle slowed. A passenger in dark clothes with a backpack jumped out and ran. The vehicle sped off again as its driver tossed methamphetamine[3] out the window.
Deputy Chism stopped his patrol car, got out, chased the passenger on foot, caught him, and tried to subdue him. The passenger broke free and ran a distance further before shots were exchanged, mortally wounding both men.
The passenger, identified as William Collins, was a felon whose backpack contained a rubber mask, latex gloves, burglar tools, Ziploc baggies, and a digital scale that tested positive for methamphetamine residue. The gun with which he killed Deputy Chism also was recovered at the scene.
Defendant, the driver, was later apprehended. As relevant here, he was tried on charges of hindering prosecution and, based thereon, felony murder. The state's hindering theory, as charged and instructed at trial, was that Defendant created a "diversion" to help Collins avoid apprehension by speeding off in a different direction than Collins was running. The jury found Defendant guilty of that offense and felony murder predicated thereon, after which the court granted judgment of acquittal on both charges as previously noted.[4]
Point I-Hindering Prosecution
On appeal, the parties focus on the hindering charge because Defendant had to be guilty of it to be guilty of felony murder.[5] We quote our statute, § 575.030, emphasizing the state's theory of guilt below and on appeal:
A person commits the offense of hindering prosecution if, for the purpose of preventing the apprehension , prosecution, conviction or punishment of another person for conduct constituting an offense, he or she:
(1) Harbors or conceals such person; or
(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or
(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or *649 (4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person . [Our emphasis.] [6 ]
Statutorily, therefore, the critical questions are whether Defendant's actions in decelerating his car so Collins could exit, then accelerating while Collins ran cross-country, amounted to deception that prevented [7] Deputy Chism's effort to apprehend Collins within the meaning of § 575.030.1(4). To help understand this focus, we briefly review the development of "hindering prosecution" as an offense in Missouri and nationwide.
Section 575.030 remains materially unchanged since 1979, when it replaced Missouri's statutory crime of "accessory after the fact" (former § 556.180),[8] which was rooted in the common law. "The common law rested on the notion that one who helps an offender avoid justice becomes in some sense an accomplice in the original crime." Model Penal Code § 242.3, comment 1, p. 224 (1980). Under the common law and statutes based thereon, "the principal's conviction was a prerequisite to punishment of the accessory," who "became immune from punishment if his principal *650 died, escaped, or was acquitted; but, if convicted, the accessory might be punished as severely as the principal offender."Id.
The MPC reflected a new approach, widespread today,[9] of replacing common-law notions with "the alternative theory of prosecution for obstruction of justice." Id . at 224, 225. "The principal drafting issue" under these modern codes was whether to (1) prohibit all forms of aid that may help the offender (as at common law), or (2) more narrowly specify the kinds of aid to be proscribed. Id . at comment 4, p. 232. The MPC and most states chose the narrower option. Id . at p. 233 & n.40 (citing Missouri); 2 Wayne R. LaFave, Substantive Criminal Law § 13.6(a)(3d ed. Oct. 2017 update) (great majority of modern codes specify what kinds of aid are proscribed).
Missouri followed these national trends. In 1979, § 575.030's "hindering prosecution" replaced § 556.180's "accessory after the fact" with liability "based on the obstruction of justice rather than assisting the commission of a crime" and differing from prior law by defining the prohibited acts of assistance.[10]
So it was not enough under § 575.030 that Defendant tried to help Collins escape; his aid had to be of a type prohibited by our statute. The state relies on § 575.030.1(4), which requires both a degree of success (prevents or obstructs) and a particular means (force, deception, or intimidation). Yet the state fails to show how the record supports either of these.
The state's entire argument on deception,[11] which Chapter 575 does not define, is to tie together dictionary definitions of "deception" ("The fact or state of being deceived") and "deceived" ("To cause to believe what is not true; mislead"), then argue:
Here, the jury could have reasonably inferred that Defendant's action of slowing down enough for Collins to jump out and then speeding off was an act that misled Deputy [Chism] and prevented him from taking an action that might aid in the apprehension of Collins.
This is ipse dixit , nothing more. Misled Deputy Chism about what ? Deceived him how ? Caused him to believe what untruth? The state never says what Deputy Chism was misled about. Unless someone is misled about something , he is not misled.
The state not only fails to show how "slowing down enough for Collins to jump out and then speeding off" were deceptive , but also how those actions prevented Deputy Chism, who caught Collins on foot, "from performing an act that might aid in the ... apprehension of such person." § 575.030.1(4). Compare State v. McMasters , 815 S.W.2d 116 (Mo.App. 1991), which reversed a conviction for hindering prosecution where § 575.030.1(4) deception was proved, but there was "no evidence that the police were prevented or obstructed from doing anything by defendant's lie." Id . at 118. "In the absence of evidence of prevention or obstruction of some act there is no violation of subparagraph (4) of the statute." Id .See also Snow v. State , 461 S.W.3d 25, 31 (Mo.App. 2015) (record established deception, but not what action officer was prevented from performing that could have aided in suspect's apprehension; hindering-prosecution plea and conviction vacated).
*651 McMasters and Snow reversed § 575.030.1(4) convictions, despite proof of deception, because the prevent/obstruct element was not shown. Here, the state has shown neither element, so its arguments for reversal are not persuasive.
We acknowledge the tragedy of this slaying, its community impact, and the understandable public interest in justice being done consistent with the full measure of the law. Therefore, given the relative scarcity of Missouri decisions, we have undertaken to research cases, statutes, treatises, law reviews, and other authorities nationwide. For example, we have found that some 18 other states have provisions similar to § 575.030.1(4),[12] so we searched for analogous cases or helpful commentaries from those jurisdictions. We have found nothing there or anywhere that would change our analysis. Point I fails.
Point II-Felony Murder
This point asserts that Defendant committed felony murder "in that Deputy Chism's death was the result of Defendant's hindering prosecution." Point I's failure thus defeats this point as well. We deny Point II and affirm the judgment.
JEFFREY W. BATES, J.-CONCURS
WILLIAM W. FRANCIS, JR., J.-CONCURS

Statutory citations are to RSMo as amended and effective through 2014.

We borrow freely from the state's brief, viewing the record most favorably to the jury's verdicts.

As determined by later testing.

The court sentenced Defendant to ten years and seven years on the other charges.

Instruction No. 6, on felony murder, required jurors to find "First, that defendant committed the felony of Hindering Prosecution of William Collins for Possession of Firearm by a Convicted Felon, as submitted in Instruction No. 10." It is not disputed that Defendant, during the car chase, knew Collins was a felon illegally possessing a firearm.

Specifically, the state's third amended information charged that
the defendant, for the purpose of preventing the apprehension of William Collins for conduct constituting the crime of unlawful possession of a firearm by a felon or possession of burglary tools, prevented, Officer Matt Chism from performing an act that might aid in the apprehension of William Collins, by creating a diversion when William Collins exited the defendant's vehicle, a 1993 Plymouth Acclaim, at Hickory and High Streets in the City of El Dorado Springs, and defendant fled in the 1993 Plymouth Acclaim while William Collins attempted to escape on foot.
The state's verdict director on this count, Instruction No. 10, had three elements:
First, that ... William Collins committed the offense of unlawful Possession of a Firearm by a Convicted Felon.
Second, that ... the defendant provided William Collins with a diversion to aid him in avoiding apprehension by fleeing in a different direction when William exited the defendant's vehicle, a 1993 Plymoth [sic ] Acclaim, at Hickory and High Street in El Dorado Springs, Missouri, and defendant fled in the 1993 Plymouth Acclaim while William Collins attempted to escape on foot.
Third, that defendant so acted for the purpose of preventing the apprehension of William Collins for the offense referred to in paragraph First[.]

"Prevents or obstructs" is the statutory language. § 575.030.1(4). The state consistently used "prevents" in its charging documents and briefs on appeal. It would not have changed the result here, but "obstructs" may have been an easier standard. See State v. Samuel , 289 Or. App. 618, 628-29 (2017) (construing § 575.030.1(4)'s Oregon counterpart).

Per the drafting committee's official comment, part of the original VAMS volume but omitted from recent updates. Being no longer widely available, we quote the official comment fully:
Based on Michigan Revised Criminal Code (Final Draft 1967) §§ 4635, 4636 and 4637 which is derived from New York Revised Penal Law §§ 205.55-205.60 and Model Penal Code § 242.3, this section [§ 575.030] replaces § 556.180 RSMo dealing with "accessory after the fact." Such liability is based on the obstruction of justice rather than assisting the commission of a crime and so has been moved to this Chapter. This section differs from the present law in that it defines the acts of assistance; it eliminates the exception from liability of certain relations (as husband and wife, child, etc.); and it applies to aiding persons who have committed misdemeanors as well as felonies. "Aiding" by destroying, etc., evidence is covered by § 575.100, which applies to an individual destroying evidence to protect himself. Note that the crime of hindering prosecution requires the purpose of preventing the apprehension, etc., of another.

See 2 Wayne R. LaFave, Substantive Criminal Law § 13.6(a)(3d ed. Oct. 2017 update).

See note 8 supra.

The state tacitly concedes that § 575.030.1(4)'s other options (force or intimidation) do not fit.

See LaFave, supra , § 13.6(a) at n.65 and accompanying text.