

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

STATE OF MISSOURI,      )      No. ED112129

     )

         Respondent,      )      Appeal from the Circuit Court

     )      of Warren County

vs.      )

     )      Honorable Michael S. Wright

CARRI N. MYERS,      )

     )

         Appellant.      )      FILED: August 27, 2024

## Introduction

Carri N. Myers ("Myers") appeals from the trial court's judgment following a jury trial convicting her on the class E felony of hindering prosecution pursuant to Section 575.030.1(1).[1] The charge arose when Myers lied to law enforcement by telling them that her Husband was not inside their shared residence during a search to apprehend Husband. In her sole point on appeal, Myers argues the record lacks sufficient evidence to support her conviction. Because the State adduced sufficient evidence from which a jury reasonably could find beyond a reasonable doubt that Myers hindered Husband's prosecution by concealing him, we deny the point. Accordingly, we affirm the trial court's judgment.

---

[1] All Section references are to RSMo (2016).

<u>Factual and Procedural History</u>

On June 3, 2018, around 9:30 a.m., Officer was driving on patrol when he saw Husband standing next to a mobile home trailer. Husband had active warrants for felony offenses. By the time Officer exited the car and approached the trailer, Husband was no longer standing outside. Officer went to the trailer to apprehend Husband from inside the trailer. Myers answered the door. Officer asked Myers to get Husband from inside the trailer. Myers told the Officer that Husband was not there.

Officer then left the trailer and searched for Husband in a wooded area behind the trailer. Finding no evidence suggesting Husband was in the wooded area, Officer returned to the trailer and again knocked on the door. Myers came to the door and again told Officer that Husband was not there. When Officer asked to come inside and look for Husband, Myers replied, "No. You can go get a warrant. You're pissin' me off wakin' me up knocking on my f***cking door like an idiot this morning." Myers shut the door. Officer warned Myers that he was going to arrest her for harboring a fugitive.

Officer walked around the back of the trailer, where he heard voices coming from inside. Officer was "a hundred percent confident" in identifying Husband's voice as one of the voices he heard from inside the trailer. Officer then told Myers from outside the trailer that he could hear her and Husband talking. Myers responded that she was talking to her fifteen-year-old daughter.

When Myers opened the door again, Officer told her to tell Husband to come out of the bedroom. Myers again told Officer that Husband was not there. Officer told Myers to turn around and put her hands behind her back. Myers refused, retreated to the primary bedroom, and shut the door. Officer followed Myers and again asked her to tell him where Husband was. Myers again insisted she did not know. After Officer handcuffed Myers and placed her under arrest, he found Husband hiding under the bed in the bedroom inside the trailer.

The State charged Myers with hindering prosecution of a felony by having "concealed" Husband for the purpose of preventing his apprehension. At trial, the State presented Officer's testimony as well as his audiovisual, timestamped body-camera footage. The jury was instructed to find Myers guilty if, in relevant part, she "concealed" Husband. A jury convicted Myers on the charged offense, and the trial court sentenced Myers to pay a fine of $1,000. This appeal follows.

Point on Appeal

In her sole point on appeal, Myers contends the State failed to adduce sufficient evidence from which a jury reasonably could find that Myers hindered Husband's prosecution by concealing him.

Standard of Review

"To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." State v. Clark, 490 S.W.3d 704, 707 (Mo. banc 2016) (alterations in original) (internal quotation omitted). "Circumstantial rather than direct evidence of a fact is sufficient to support a verdict." State v. Lehman, 617 S.W.3d 843, 847 (Mo. banc 2021) (internal citation omitted). "If that evidence supports equally valid inferences, it is up to the factfinder to determine which inference to believe, as '[t]he [factfinder] is permitted to draw such reasonable inferences from the evidence as the evidence will permit.'" Id. (internal quotation omitted). "Reliance on circumstantial evidence, however, does not permit this Court to 'supply missing evidence or give the state the benefit of unreasonable, speculative or forced inferences.'" Id. (internal quotation omitted). "Evidence is sufficient to support a conviction when 'there is sufficient evidence from which a

3

reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt.'" Clark, 490 S.W.3d at 707 (internal quotation omitted). "To the extent that a sufficiency challenge raises an issue of statutory interpretation, we conduct de novo review." State v. Dickerson, 609 S.W.3d 839, 844 (Mo. App. E.D. 2020) (citing State v. Bernhardt, 338 S.W.3d 830, 834 (Mo. App. E.D. 2011)).

Discussion

The statute setting forth the offense of hindering prosecution of a felony states:

A person commits the offense of hindering prosecution if, for the purpose of preventing the apprehension, prosecution, conviction or punishment of another person for conduct constituting an offense, he or she:

(1) Harbors or *conceals* such person; or

(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or

(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or

(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person.

Section 575.030.1 (emphasis added); see also State v. Brown, 543 S.W.3d 647, 649 (Mo. App. S.D. 2018) (quoting Section 575.030.1).

Myers correctly notes that the offense of hindering prosecution does not make deceiving law enforcement, by itself, a crime. See Snow v. State, 461 S.W.3d 25, 31 (Mo. App. E.D. 2015) (quoting State v. McMasters, 815 S.W.2d 116, 118 (Mo. App. E.D. 1991)). Rather, the offensive conduct must be shown to have been done "for the purpose of preventing the apprehension, prosecution, conviction or punishment of another person for conduct constituting an offense[.]" Section 575.030.1. For instance, a defendant's conviction for hindering prosecution by lying to officers regarding the whereabouts of the probationer, who was sitting in her living room, was

4

insufficient because the State failed to prove the officers were seeking to apprehend the probationer for conduct constituting a crime. See State v. Sapp, 55 S.W.3d 382, 385 (Mo. App. W.D. 2001).

We limit our analysis to subsection (1), specifically to the element of concealing because the record shows the State specifically charged and sought to prove at trial that Myers "concealed" Husband. No statutory definition for "conceal" is provided, therefore we look to the dictionary for the term's plain meaning. See Section 575.010 (defining statutory terms for Chapters 575–76); State v. Smith, 595 S.W.3d 143, 146 (Mo. banc 2020) (internal quotation omitted) ("When a term is not defined by statute, this Court will give the term its 'plain and ordinary meaning as derived from the dictionary.'"). The dictionary defines "conceal" as "to prevent disclosure or recognition of; avoid revelation of; refrain from revealing; withhold knowledge of; draw attention from; or treat so as to be unnoticed" or, secondarily, as "to place out of sight; withdraw from being observed; shield from vision or notice." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 469 (2002).

Here, under the plain meaning of "conceal," the record contains sufficient evidence that Myers concealed Husband for the purpose of preventing his apprehension. See Section 575.030.1(1); Clark, 490 S.W.3d at 707 (internal quotation omitted). Viewed in the light favorable to the jury's verdict, Myers knew Officer was searching for Husband to arrest him. Myers repeatedly lied to Officer that Husband was not inside the trailer. Myers initially refused to allow Officer to enter the trailer to arrest Husband by refusing his request to enter and closing the door on Officer. When Officer returned to the trailer, Myers refused to allow Officer to enter the bedroom in the same way. Officer gave Myers multiple opportunities to either retrieve Husband from the trailer or permit Officer to do so. On each occasion, Myers refused Officer's

5

request and maintained that Husband was not in the trailer, even telling Officer that she was speaking with her fifteen-year-old daughter and not Husband. Applying the dictionary definition of conceal, the jury reasonably could infer from the evidence that Myers concealed Husband's whereabouts for the purpose of preventing his arrest. See Section 575.030.1(1); Clark, 490 S.W.3d at 707 (internal quotation omitted).

Myers nevertheless contends her conduct was insufficient to show concealment because Officer was confident in his knowledge that Husband was present in the trailer, and that nothing she said or did prevented Officer from discovering Husband. Myers maintains that because Officer was certain of Husband's location inside the trailer, her conduct did not actually impede or obstruct prosecution. Myers essentially argues Section 575.030 imposes "liability . . . based on the obstruction of justice rather than assisting the commission of a crime" and that her conviction should not stand because she did not *succeed* in obstructing justice. See Brown, 543 S.W.3d at 650 n.8 (quoting a prior drafting committee official Comment distinguishing hindering prosecution from accessory liability). In this vein, Myers' reliance on Snow and McMasters is unavailing, because those cases analyzed subsection (4) of the statute, which specifically requires proving that the defendant "[p]revent[ed] or obstruct[ed], by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person." Section 575.030.1(4). Myers was not charged on, nor was the jury instructed on, subsection (4) of the hindering prosecution statute. Moreover, we are not persuaded that the State did not prove that Myers concealed Husband *for the purpose of preventing his arrest* because Myers was not successful in preventing Officer from ultimately finding Husband. Even still, as the State notes, when Myers first lied to Officer that Husband was not inside the trailer, Officer walked away from the trailer and into a nearby wooded area, where he searched for

6

Husband. From this evidence, a factfinder reasonably could infer that Myers' lying about Husband's whereabouts caused Officer to leave the trailer and search elsewhere for Husband, such that Myers' conduct caused Officer to alter his conduct in pursuing Husband. See McMasters, 815 S.W.2d at 118 (finding insufficient evidence for subsection (4) where the officers placed no reliance on the defendant's lies such that they were not prevented or obstructed from doing anything by defendant's lie). Additionally, the several minutes during which Officer searched the woods away from the trailer provided Husband the opportunity to flee the scene and escape arrest. Given these facts, the factfinder reasonably could find Myers actively concealed Husband for the purpose of preventing his arrest.

Because the State adduced sufficient evidence from which the jury could find beyond a reasonable doubt that Myers concealed Husband for the purpose of preventing his apprehension by law enforcement, we deny the appeal. See Clark, 490 S.W.3d at 707 (internal quotation omitted).

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.